# 10337

## FREEMAN v. CHAVIS.

### (101 S. E. 849.)

1. CONTINUANCE—NOT GRANTED FOR ABSENCE OF PARTY NOTIFIED OF TIME OF TRIAL.—Where, on the preceding Friday, defendant's attorney was notified by printed roster the case was set for Tuesday, and subsequently the trial Judge informed him over the telephone the case was put down as the last for Tuesday, or the first for Wednesday, but defendant's attorney instructed him to be in Court Wednesday morning, so that, when the case was called for trial Tuesday afternoon, defendant was absent, refusal to grant continuance from Tuesday afternoon until the next day on account of defendant's nonappearance was not erroneous; no claim of inconvenience to defendant in attending on Tuesday being made.

2. TRIAL—DENIAL OF SUSPENSION TO PROCURE WITNESS DISCRETIONARY WHERE WITNESS COULD HAVE BEEN PROCURED IN A FEW HOURS.—In an action to recover rent for land taken over during tenancy by the United States as part of a military camp, where defendant offered letters to show that fact, but they were excluded in the absence of proof of signatures, suspension of hearing until the next day to enable defendant to summon a witness from the camp was not an abuse of the Court's discretion; it not being claimed that the residence of the witness was unknown, or that his attendance could not have been secured in a few hours.

3. LANDLORD AND TENANT—VERDICT FIXING VALUE OF DISTRAINED MULES NOT ERRONEOUS.—In an action for rent in the amount of $105, defendant tenant's mules, worth $125, having been distrained, in view of the statute requiring verdict to be for delivery of the property or its value, verdict fixing the value of the mules at $125, and not determining the amount of rent due, was not erroneous.

4. EVIDENCE—ATTORNEY'S TESTIMONY A CONCLUSION BASED ON HEARSAY.—In an action for rent, wherein defendant's attorney first announced defendant was the only witness for the defense, and then himself undertook to take the stand and testify as to what he learned from the government authorities at Camp Jackson, the defense being that the United States took over the land during tenancy as part of the camp, such testimony of the attorney was incompetent as a conclusion based on hearsay.

5. EVIDENCE—LANDLORD AND TENANT—LETTERS OF GOVERNMENT OFFICERS INADMISSIBLE IN ACTION FOR RENT OF LAND TAKEN DURING TENANCY FOR MILITARY CAMP.—In an action for rent, defendant claiming that during the tenancy the land had been taken over by the United States

government as part of a military camp, letters purporting to have been written to defendant by officers of the government were inadmissible, in absence of proof of their genuineness, or that the government had taken possession of the land or ousted defendant, who had not alleged ouster of possession but ouster of title.

6. NEW TRIAL—ABSENCE OF PARTY NOT GROUND WHERE HE WAS ACCORDED ABUNDANT OPPORTUNITY TO BE PRESENT.—Where attorney was notified by Judge that case would be called Tuesday afternoon or Wednesday morning and printed roster set case for Tuesday, absence of defendant on calling of case for Tuesday afternoon was not ground for new trial, though attorney instructed defendant to appear Wednesday morning, but providing no means of communication in the meantime.

Before WHALEY, County Judge, Richland, ——— term, ———. Affirmed.

Action by Ann Freeman against Dallas Chavis. From judgment for plaintiff, defendant appeals.

*Mr. N. J. Frederick,* for appellant, submits: *That the land in question being within the area of Camp Jackson and seized by the Federal government, for war purposes, Richland County Court had no jurisdiction, exclusive jurisdiction being in the Federal government:* U. S. Compiled Statutes 1918, sec. 6911a.

*Mr. H. N. Edmunds* and *S. M. Busby,* for respondent.

January 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This case was tried in the County Court of Richland county. · The record states:

That it was "an action brought by the plaintiff for the recovery of one hundred and five ($105) dollars, due her by defendant on account of the rent of a certain tract of land, leased for farming purposes for the year 1918. Such rent not having been paid, the plaintiff issued her distress warrant against defendant, and two mules were levied upon under the landlord lien for rent. The defendant refused to deliver

up possession, and, in the action to which was attached an affidavit and other papers in claim and delivery, possession of the mules in question was demanded. The defendant gave bond and retained possession, resisting said demand on the grounds that, having been served with notice by the government to vacate, he afterwards sought and obtained from the military authorities permission to remain in the house where he was, but said permission stated that he did so at his own risk. That furthermore the said land having been taken over by the Federal government, the County Court had no jurisdiction over it or anything in relation thereto, it having become a part of Camp Jackson.

"The case was called for a hearing June 11, 1919. On the call of the case Tuesday afternoon, June 11th, the attorney for defendant announced to the Court that he was not ready and asked for a delay until the next morning; the motion being based on the following grounds:

"(1) The defendant was not present, as he had been instructed by his attorney to be present on the morning of the 12th.

"(2) That the defendant was given such instructions because the Court itself had, by the information given the attorney before the roster was printed and placed in the hands of the attorney, caused him to believe that at such time the case would be called.

"(3) That the printed roster was not placed in the attorney's hands until the Friday afternoon before June 11th (Tuesday), and, as his client had moved, he did not know his address, and it was, therefore, impossible for him to get in touch with him when he found from the roster the case was put down for Tuesday, June the 11th, instead of Wednesday, as he was led to believe by information given by the Court."

The judgment was for the plaintiff, and the defendant appealed.

1. The first exception complains of error in the refusal of the Court to grant a continuance of the case until the next day (Wednesday).

In the appellant's argument it is stated that the appellant went to his attorney's office the week before the trial, and asked when his case would be called; that appellant's attorney called up Judge Whaley and asked when the case would be called for trial; that the Judge informed him that "the case was put down as the last for Tuesday, or the first for Wednesday, but he was not sure." The client was then instructed to be present Wednesday morning, and he was only to find that his case had been tried Tuesday afternoon in his absence.

It appears that the defendant was not misled; that, with full information that the case might be called on Tuesday, he undertook to set his own time for the trial of his case and set at naught the warning of the Court to be ready on Tuesday. Besides this, the printed roster of the cases was furnished to appellant's, attorney four days before the case was set for trial. It is true the appellant's attorney allowed his client to go away and provided no means of communication with him, but that was the fault of the appellant and his attorney. We have been cited to no authority for the position that parties to an action on a regular docket are entitled to disregard the time fixed for trial by the Court and fix their own time of trial. We know of no way in which a Court can tell how long a case will take for its trial except in this Court, where a maximum time is fixed. No Court can even guess the minimum. Our records will show that at least at one term we were confronted with a docket on which there were 18 cases and several days allowed for the hearings, and yet, by 20 minutes past 1, on the first day, No. 18 had been called and disposed of. Litigants should be prompt in attendance on our Courts, or congested dockets will delay, intolerably, the business of the Courts. The records of this Court will show that this County Court has much business

before it, and, if litigants before it are allowed to fix their own time to try their cases, the usefulness of the Court will be destroyed. It was not even claimed that it would have put the defendant to the slightest inconvenience to attend Tuesday instead of Wednesday. There was no attempt to prove, even after the appellant's attorney was notified by the printed roster, on Friday, that the case was set for Tuesday, that he made the slightest effort to communicate with his client, or to ascertain where he had gone. The record shows that the plaintiff went to the trouble and expense of getting ready for the trial.

This exception is overruled.

2. During the trial, the defendant offered in evidence two letters to show that the land had been taken over by the United States government as a part of the land included in Camp Jackson. There was no proof of the signatures, and the letters were excluded. The defendant then asked that the hearing should be suspended until the next day (Wednesday) to enable the defendant to summon a witness from Camp Jackson. This was also refused and forms the ground for the second exception. There is nothing in the case to show that any effort had been made to secure the attendance of the witness, or that the writer was authorized to write it. It was not claimed that the residence of this witness was unknown or that his attendance could not have been secured in a few hours. There was certainly no abuse of discretion here, and this exception is overruled.

3. The third exception complains of error in the direction of a verdict for $125, the value of the mules, instead of $105, the amount of the rent claimed. The statute requires the verdict to be for the delivery of the property or its value. The value of the mules was $125, and the verdict conformed to the statute, in that it fixed the value of the property. It did not determine the amount of rent due.

This exception is overruled.

4. The fourth exception reads: "His Honor erred in refusing to allow N. J. Federick to testify for the defense without first being quizzed by the Court as to how he knew what he was testifying to; a witness having the right to testify to any fact of his own knowledge without reference to how he acquired the knowledge."

The Court, and not the witness, is the judge of the competency of testimony. The record shows that the appellant's attorney had announced that the defendant was the only witness for the defense. The attorney then undertook to go on the stand and testify as to the facts of the case. It is one thing to exclude incompetent evidence, and another to strike out testimony already in. A verdict is not a sum in addition and subtraction. The most intelligent people are affected by what they hear. The law forbids the introduction of incompetent evidence. If, however, evidence, apparently competent, comes in, and it afterwards appears that it is incompetent, then the Court should tell the jury to disregard it (*i. e.,* strike it out), as the best that can be done under the circumstances. To strike out evidence already in is not the best thing, but a long ways the second best. The Court told the witness, who had just said that the only witness for the defense was absent, that he must state how he knew the facts to which he proposed to testify. The witness started by saying, "I learned from the government authorities out there." Again, "I was not going to say what anybody said to me, but what I learned." The testimony was incompetent. It was a conclusion based upon hearsay testimony.

5. The fifth exception complains of error in excluding two letters purporting to have been written to the defendant by officers of the United States government. There was no proof of the genuineness of the letters, or that the government had taken possession of the land or ousted the defendant. There was no allegation

or proof of ouster of possession. The defendant alleged "ouster of title," and not that he was put out of possession.

This exception is overruled.

6. The sixth exception objects to the jurisdiction of the State Court to collect rent for land while in possession of the Federal government. The appellant fails to prove the fact upon which his question of jurisdiction is based, and the exception cannot be sustained.

7. The seventh exception is: "His Honor erred in refusing a new trial, in that the defendant had a right to be present in person, and no negligence of his had forfeited this right."

The defendant had the right to be present and abundant opportunity to do so. This exception is overruled.

The judgment is affirmed.