15889

WILLIAMS *ET UX.* v. MILLING-NELSON MOTORS, INC.

(40 S. E. (2d), 633)

*Mr. Fred D. Townsend,* of Columbia, for Appellants,

*Messrs. Herbert & Dial,* of Columbia, for Respondent,

November 25, 1946.

MR. ASSOCIATE JUSTICE TAYLOR delivered the unanimous opinion of the Court.

The plaintiffs, Samuel J. Williams and Mrs. Samuel J. Williams commenced this action in the Richland County Court by service of summons and complaint in September, 1945, for recovery of damages for the alleged conversion of plaintiffs' automobile by the defendant on or about the 16th day of June, 1945. The defendant, by its answer, denied that it had converted the plaintiffs' automobile, and alleged that plaintiffs, through their own acts, brought about the loss, if any. The case came on for trial before the Honorable Legare Bates, Judge of the Richland County Court and a jury, March 26, 1946. At the close of the testimony for the defense, motion was made by the defendant for a directed verdict which was granted.

Plaintiffs now appeal to this Court upon exceptions which raise several questions, the first of which is whether or not error was committed in admitting into evidence the following written instrument over the objection of the plaintiff:

"June 16th, 1945.

I hereby authorize Brannon Ray to sell; My 1942 Plymouth car Motor No. 30414   Serial No. 11412999.

Signed.

MRS. S. J. WILLIAMS.

505 Franklin
1960R. Florence"

Appellants contend that such instrument, not being properly identified, was not admissible as evidence.

The defense presented the above instrument to the plaintiff, Mr. S. J. Williams, while under cross examination, for the purpose of identification, and Mr. Williams testified to the effect that he had compared this signature with the known signature of Mrs. Wiliams, and he was of the opinion that it was not Mrs. Williams' signature, and that the "s" had been left off the surname. No other attempt was made by the defendant at proper identification, other than the testimony of defendant that W. B. Ray presented it to the defendant as his authorization to sell, saying it was from Mrs. Williams, his sister-in-law. Upon the attempt by the defendant to introduce said instrument into the record, the plaintiff objected on the grounds that it had not been properly proven. The Court overruled this objection, and admitted the instrument as evidence. This purported authorization, as will be noted, carried no witnesses and none were presented to testify to the genuineness of the signature thereto, or execution thereof.

Wigmore on Evidence, Third Edition (1940), Section 2130, states:

"The general principle has been enforced that a writing purporting to be of certain authorship cannot go to the jury as possibly genuine merely on the strength of this purport, there must be some evidence of the genuineness (or execution) of it."

In *Corpus Juris Secundum*, Vol. 32, p. 647, Evidence, Sec. 733, states the rule to be:

"As a general rule, the execution or authenticity of a private writing must be established before it may be admitted in evidence."

In 20 Am. Jur., p. 776, Evidence No. 922, we find the following:

"At common law as a preliminary to the introduction in evidence of private writings * * * their execution must be proved and their authenticity established. A writing standing alone does not of itself constitute evidence; it must be accompanied by competent proof of some sort from which the jury can infer that it is authentic and that it was executed or written by the party by whom it purports to be, unless such facts are admitted by the adversary."

The rule laid down by the foregoing is adopted as the rule in this State. In *Freeman v. Chavis*, 101 S. E., 849, 113 S. C., 326, in referring to the genuineness of some letters, this Court stated:

"There was no proof of the genuineness of the letters, or that the Government had taken possession of the land or ousted the defendant."

It is therefore, the opinion of this Court that it was error to admit into the evidence the instrument in question without proper proof thereof, that the judgment of the Court should be reversed, and the case remanded to the County Court of Richland County for the purpose of re-trial.

Because of the necessity for the latter, we shall not further comment upon the evidence except to say that the unauthenticated authorization, just referred to, was considered a genuine instrument in the decision of the trial judge to direct a verdict for the defendant in the trial under review (which decision is the basis of an exception), so that order must also be reversed. Possibly at a new trial one party or the other will procure the evidence of the co-plaintiff, Mrs. Williams, and her alleged agent, Ray, so that the truth of the transaction may be found.

Judgment reversed and remanded.

Mr. Chief Justice Baker and Messrs. Associate Justices Fishburne, Stukes and Oxner concur.