14884
## JORDAN v. STATE HIGHWAY DEPT.
(3 S. E. (2d), 201)

398

November 5, 1938:

January 26, 1939:

*Messrs. John M. Daniel, Attorney General, J. Ivey Humphrey* and *M. J. Hough, Assistant Attorneys General,* and *Wright & Burroughs,* for appellant,

408

 · 

*Messrs. E. S. C. Baker* and *G. Lloyd Ford,* for respondent, 

May 29, 1939.

The opinion of the Court was delivered by MR. PHILIP H. STOLL, ACTING ASSOCIATE JUSTICE.

We adopt the statement of the case as it appears in the Transcript of Record, as follows:

"The history of the litigation up until the occurrence of matters involved in this appeal is set forth in detail in a former decision of the Supreme Court found in 188 S. C., 83, 198 S. E., 174, and will not be repeated here.

"Following the sending down of the remittitur the defendant entered up against the plaintiff judgment for costs in the office of Clerk of Court for Horry County, South Carolina. The plaintiff on July 29, 1938, served notice of motion before Judge Lide for an order permitting the service and filing of an amended complaint in accordance with the order of Judge Dennis dated April 1, 1937; and on July 30, 1938, the defendant served notice of a motion before Judge Lide to dismiss the complaint. Both motions were heard by him on August 11, 1938, and were decided by him in an order dated November 5, 1938. Defendant's motion was overruled and plaintiff's motion was granted 'upon the condition precedent, however, that the judgment aforesaid for costs be paid in full with interest; and provided further, that such payment be made and the said amended complaint thereupon served within twenty (20)

days from the date of filing of this order, exclusive of the date of filing, and upon the failure of plaintiff so to do within the said period, the complaint shall *ipso facto* be finally and forever dismissed.'

"The order and two copies thereof were mailed by Judge Lide to E. S. C. Baker, Esq., of plaintiff's counsel, on November 5, 1938, with a letter which invited suggestions as to any clarifying amendment which might be needed. The letter proceeded: 'If, however, you find it all right, please file the original and give one of the copies to counsel for the defendant.'

"This order was received by Mr. Baker on November 7, 1938, who prepared orders in the two companion cases with slight changes but like in effect the first order, and forwarded the same to Judge Lide in Walhalla, South Carolina, on November 8, 1938. The originals of all three orders were in Mr. Baker's hands by November 14, 1938. The originals of these three orders were filed and copies thereof served on opposing counsel on December 29, 1938.

"The judgment for costs, entered up as aforesaid, was paid by counsel for plaintiff-respondent on December 30, 1938. This was received and accepted by counsel for defendant-appellant after the service of the order of Judge Lide, dated November 5, 1938. Thereafterwards, satisfaction of the said judgment was duly executed by counsel for defendant-appellant and delivered to counsel for plaintiff-respondent, and the said judgment has been duly cancelled of record.

"On January 6, 1939, defendant served notice of a motion before Judge Lide for an order directing the Clerk of Court to enter the foregoing order *nunc pro tunc* as of November 6, 1938. Upon the hearing of the motion the notice was amended to provide for entry as of November 14, 1938. The Clerk of Court was regularly made a party to the proceeding for the *nunc pro tunc* entry.

"Under date of January 26, 1939, Judge Lide signed an order refusing defendant's motion for the *nunc pro tunc* entry. From that order, as well as from the order dated November 5, 1938, due and timely notice of appeal was given. The amended complaint in accordance with the terms of the order of Judge Dennis dated April 1, 1937, was served on January 9, 1939."

The appellant by many exceptions challenges the correctness of Judge Lide's rulings in his order of November 5, 1938, and also his order of January 26, 1939. This Court has repeatedly held that it will not disturb a ruling made by a Circuit Judge, when the matter is one within his discretion unless it plainly appears that as a matter of law such discretion was erroneously exercised.

Judge Lide in each of these orders carefully and fully reviewed the history of the case and of the motions before him and very clearly and logically discusses the questions now raised by the exceptions. We think Judge Lide has properly disposed of these matters and further discussion would serve no useful purpose.

All exceptions are overruled and the orders appealed from are affirmed.

Let the orders of Judge Lide be reported.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.