## 14970

### POSTON v. STATE HIGHWAY DEPARTMENT

(5 S. E. (2d), 729)

April, 1939.

*Messrs. John M. Daniel, Attorney General, J. Ivey Humphrey* and *M. J. Hough, Assistant Attorneys General,* and *McEachin & Townsend,* for appellant,

*Mr. G. Badger Baker,* for respondent,

November 28, 1939.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This appeal is from an order of Honorable R. W. Sharkey, Judge of the Civil Court of Florence, wherein he refused to vacate or set aside a judgment rendered against the State Highway Department, the appellant, taken in its ab-

sence, or by default, at the call of the case for trial. The pertinent facts are to be found in Judge Sharkey's order overruling appellant's motion, from which order we quote:

"On or about January 10, 1939, the plaintiff served upon the defendant his summons and complaint asking judgment against the defendant in the sum of Two Thousand ($2,000-.00) Dollars, for personal injuries received on August 4, 1938, while riding in an automobile on State Highway No. 51, the automobile striking 'a large mound of dirt in the center of the highway'; there being no warning of the existence of the mound of dirt. The accident occurred in the nighttime. It is further alleged in the complaint that plaintiff's injuries were not 'due to any negligence on the part of the plaintiff or the driver of the car in which he was riding, nor did the plaintiff or driver negligently contribute thereto.'

"In due course the defendant served its answer denying the plaintiff's specifications of negligence and his injuries, admitting that 'said highway was a part of the State Highway System,' but denying that at the time of plaintiff's alleged injury the highway was under the control of the defendant. The defendant further alleged in its answer that the 'highway was under construction and the Highway Department was protected by an indemnity bond.' This answer was signed by John M. Daniel, Attorney General; J. Ivey Humphrey and M. J. Hough, Assistant Attorney Generals.

"There attorneys and all other attorneys interested in cases pending in the Civil Court of Florence, were given written notice by mail, a week prior to February 25, 1939, that on said date a meeting of the bar would be held for the purpose of arranging a roster of cases for trial in a term of the Civil Court commencing March 6, 1939. The bar meeting was held on February 25, 1939, but the Attorney General nor anyone representing his office was present at the meeting. Two cases against the State Highway Department were set for trial, one on Monday, March 6, 1939, to

wit: *Parnell v. State Highway Department,* and the instant case on Thursday, March 9, 1939. A copy of this roster was mailed to the office of the Attorney General, the receipt of which being admitted by the Attorney General. During the week commencing February 27th, the Attorney General, or his office, arranged to have the *Parnell case* continued, but no request or motion was made as to this case.

"This Court convened on Monday March 6th, and the business of the Court was so handled that on Thursday, March 9th, there remained but one case for trial, that being this case, the jury being ordered to report at Court on Thursday for the trial of this case; otherwise, Court would have adjourned at the close of Wednesday, March 8th.

"On March 9, 1939, the *Poston case* was called for trial, the plaintiff announced he was ready for trial, but the Attorney General or either of the Assistant Attorney Generals, or anyone representing the defendant, or any of its witnesses were present. Upon enquiring of plaintiff's counsel, the Court was informed that the defendant had not requested a continuance or given plaintiff and his counsel any reason to believe the defendant would not be ready for trial.

"The case was then ordered to trial, the plaintiff submitting substantial and competent testimony to prove the allegations of his complaint. At the close of the plaintiff's case, this Court could have directed a verdict against the defendant as to its negligence and submitted to the jury the issue of the amount of damages to which the plaintiff would be entitled, but as a matter of precaution, and in order to fully protect the rights of this defendant, the whole case was submitted to the jury with a full and complete charge upon all issues. After due deliberation the jury returned a verdict for the plaintiff in the sum of $550.00, the amount of which verdict being amply justified by the evidence.

"About ten days after the adjournment of Court, plaintiff's verdict was entered as a judgment in the office of the Clerk of Court for Florence County.

"On or about March 20, 1939, the defendant served notice upon plaintiff's counsel that the defendant would move that this Court set aside and vacate the judgment on the ground 'that said judgment was taken against defendant through mistake, inadvertence, surprise, or excusable neglect,' and 'the further ground that the Court was without jurisdiction in the case,' the action to be based upon a petition, the pleadings and affidavits to be later served.

"On or about April 3rd, there was served upon plaintiff's counsel a petition, with summons attached, copies of the pleadings, a copy of the roster of the cases for the term of Court commencing March 6, 1939, and affidavits, or copies thereof, of John M. Daniel, Attorney General; J. Ivey Humphrey, Assistant Attorney General; and H. L. Sligh, District Engineer."

To this motion the respondent first served a notice of special appearance and then a demurrer. Judge Sharkey did not consider the grounds set forth in respondent's special appearance since he was "of the opinion that the defendant (appellant) is not entitled to the relief sought," but sustained the respondent's demurrer, the grounds of the demurrer being that it appears upon the face of appellant's proceeding (a) the affirmative showing of appellant's receipt of a roster of cases to be tried at the term of Court, commencing March 6, 1939, and (b) no question of jurisdiction is created by the allegation that the highway was under construction and the Highway Department was protected by an indemnity bond.

The appellant excepts to the trial Judge's order in seven instances, which exceptions resolve themselves into four questions, *i. e.,* (1) Was the Court without jurisdiction of the subject-matter of the action? (2) Was the judgment taken through the mistake, inadvertence, and excusable neglect of the appellant? (3) Is safeguarding the public funds paramount to ordinary Court procedure? And (4) did the appellant have a meritorious defense?

In sustaining respondent's first ground of demurrer, which disposes of appellant's second question, the trial Judge says in his order:

"The defendant was given every opportunity to defend itself and its failure to do so was not through 'mistake, surprise, inadvertence or excusable neglect.' * * *.

"Mr. Daniel and Mr. Humphrey state in their affidavits that they were not informed by the plaintiff or his attorney that the case would be called for trial. It cannot be contended that there is any duty resting upon the plaintiff or his counsel to notify the defendant or its counsel of the date of trial of a case, for it is the duty of litigants and their counsel to keep themselves advised of the developments and status of their case or cases. Although Mr. Humphrey in his affidavit, says he was not furnished with a copy of the roster and did not have any information that said case was set for trial, the affidavit of the Attorney General admits the receipt of the roster of cases which was ample and complete notification to the defendant and its counsel of the trial set for March 9th.

"The principal reason given by the Attorney General for the 'occurrence,' is that he was engaged in many other matters of an official nature, and he was distressed and disturbed over the illness of a member of his family. The attendance in Court of Mr. Daniel, or his assistants, in defense of the State Highway Department, is also an official matter and no reason is shown why this particular matter should be subordinated to other official matters. Upon the receipt of the roster Mr. Daniel handed the same to Mr. Hough, Assistant Attorney General, calling his attention to the *Parnell case* set for trial Monday, March 6th, without noticing or directing the attention of Mr. Hough or Mr. Humphrey to this case, set for trial Thursday, March 9th. The fact that a member of Mr. Daniel's family was very sick, in view of the other circumstances in the case, could hardly be sufficient reason for setting aside this judgment.

"A careful consideration of the defendant's petition and affidavits reveal no reason why this judgment should be set aside. The judgment was not taken through any mistake of the defendant, and if taken to its surprise, then the surprise came as a result of the negligence of defendant's counsel to read the roster of the cases set for trial. And if taken through inadvertence, the defendant's inadvertence is solely the result of the defendant's neglect, which cannot be classified as excusable neglect."

A matter of this kind is addressed to the sound discretion of the Judge before whom the motion is heard, and the appellant must make a clear showing of an abuse of discretion by the trial Judge to disturb his ruling. The following decisions are in point: *Sullivan v. Shell,* 36 S. C., 578, 15 S. E., 722, 31 Am. St. Rep., 894; *Dunton v. Harper,* 64 S. C., 338, 42 S. E., 153; *Baker-Jennings Hardware Company v. Culp,* 105 S. C., 418, 90 S. E., 26; *Hartford Fire Insurance Company v. Sightler,* 131 S. C., 241, 127 S. E., 13; *Rutledge v. Junior Order of United American Mechanics,* 185 S. C., 142, 193 S. E., 434.

The trial Judge in his order cites and quotes from the case of *Hartford Fire Insurance Company v. Sightler, supra,* which quotation is peculiarly appropriate to the facts of this case, the excerpt quoted being as follows (131 S. C., 241, 127 S. E., 14) : "In the absence of a clear showing of an abuse of discretion, it is well settled that the ruling of the county court complained of cannot be pronounced reversible error of law. We are not satisfied that such abuse of discretion has been shown in this case. In view of the consideration that the prompt appearance of counsel, litigants, and witnesses for the trial of causes is essential to the speedy and orderly administration of justice in our courts, and that it is the duty of litigants and their counsel to keep themselves advised of the status of their cases, the ruling of the judge of the county court, that the facts presented did not make

out such a case of surprise or excusable neglect as would warrant the opening of the judgment, cannot be disturbed."

Although a department of the State of South Carolina is the defendant and moving party in this case its status as a litigant is subject to the same rules governing other litigants. See *Jordan v. State Highway Department,* 190 S. C., 397, 3 S. E. (2d), 201.

The ruling in this case that the facts presented did not make out such a case of surprise or excusable neglect as would warrant the opening of the judgment is, in our opinion, entirely correct; and there being no showing of an abuse of discretion, this ruling cannot be disturbed.

It is needless to discuss the remaining questions for the appellant has failed to show cause for setting aside the judgment. Quoting from *Lucas v. North Carolina Mutual Life Ins. Co.,* 184 S. C., 119, 191 S. E., 711, 712: "As was said in *Turner v. J. I. Case Threshing Mach. Co.,* 133 N. C. 381, 384, 45 S. E., 781, 782: 'It does not become very material to inquire as to the validity of the defense until it has first been determined whether the defendant has made out a case entitling it to have the judgment vacated, in order that it may be let in to defend the suit. A defense absolutely perfect and impregnable would be of no avail if it could not be pleaded, and this cannot be done until the defendant shall have shown that it has been free from negligence, and that the right to defend had not been lost by its fault; or, in other words, until it has shown good cause for setting aside the judgment.' "

The order of the lower Court, refusing to set aside or vacate the judgment, is affirmed, and the appeal dismissed.

Mr. Chief Justice Stabler and Messrs. Justices Bonham, Baker and Fishburne concur.