15821

BROWN v. NIX

(37 S. E. (2d), 579)

*Messrs. L. K. Jennings,* and *C. Yates Brown,* both of Spartanburg, Counsel for Appellant,

*Messrs. J. Allen Lambright* and *Sumter B. Sams,* both of Spartanburg, Counsel for Respondent,

March 25, 1946.

MR. ASSOCIATE JUSTICE STUKES delivered the unanimous Opinion of the Court.

Respondent was a bystander when appellant got into trouble with his loaded truck on an ice-covered highway in the village of Glendale, in Spartanburg County, on Christmas day, 1943. It became necessary to manually move a stalled and abandoned vehicle in the path of appellant's truck and respondent answered the need for help and was in the act of assisting when appellant shut a door of the moving vehicle on the fingers of respondent's right hand. That caused a painful and, as it turned out, serious injury which required hospitalization and continuous medical treatment for some time, finally resulting in the amputation of the first digit of the ring finger, with consequent expense and loss of time from work.

After unsuccessful efforts by his counsel at amicable settlement, respondent brought suit on November 20, 1944, for damages in the Spartanburg County Court upon a complaint (personally served with summons) which alleged, in effect, that the stated facts constituted willful and wanton negligence on the part of appellant. The latter defaulted and the case was called for trial on May 25, 1945. Respondent testified in substantiation of the allegations of the complaint and the trial judge directed the jury to find a verdict of actual damages for the plaintiff, now respondent, and left only the amount to them. They returned a verdict for seven hundred and fifty dollars.

On that day respondent's attorney advised appellant by letter that judgment had been entered, but appellant did not acknowledge it or do anything else about it. The attorney also tried several times to communicate with appellant over the latter's telephone and left messages for him in his absence, all of which were ignored. None of this is denied.

Execution on the judgment against the property of appellant was issued by the Clerk of Court on July 6, 1945, and delivered to the Sheriff who failed to collect it and made *nulla bona* return on October 8, 1945. Then respondent proceeded under the arrest and bail statutes, Secs. 500 *et seq.* and 741 of the Code. Thereupon appellant filed a petition, seeking to open and set aside the judgment and obtain permission to answer. A temporary restraining order was issued by the court, but dissolved on hearing and the petition dismissed.

A portion of appellant's affidavit in support of his petition will be quoted hereinafter. In addition it alleged the facts of the accident which it denominated a "pure accident" and denied negligence. Return was made by respondent, accompanied by affidavit of his attorney. The judge concluded that no grounds were shown for relief from the default judgment for inadvertence, surprise or excusable neglect. He also decided that civil arrest is not a remedy which depends upon the discretion of the court under our statutes, Secs. 500 *et seq.* and 741 of the Code, but that if it were within his discretion he would not deny the remedy in this case. It is from this order that the appeal has been prosecuted to this Court.

Appellant submits as his first issue that relief from his default was proper on account of his inadvertence or excusable neglect; and second that the record shows that respondent's injuries resulted from an unavoidable accident and that it is not a case where the remedy of civil arrest may be invoked.

Appellant proceeded in the lower court under Sec. 495 of the Code which provides that the court may, quoting: "in its discretion and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding, taken against him through his mistake, inadvertence, surprise or excusable neglect . . .."

His inadvertence and neglect are described in the following quotation from his supporting affidavit: "At the time said action was instituted deponent was extremely busy attending to hauling and moving business in which he is en-

gaged, and in looking after his wife's farming interests; that when the summons and complaint were served upon him he placed it at once in the pocket of his truck and for the time being forgot all about it, owing to the pressure of business matters; that said truck, along about that time, was being driven by numerous drivers, owing to the scarcity of drivers who could be depended upon, and that some one of said drivers must have removed the papers from the truck, as deponent did not again find or see the same; that as a result ·of the loss of the papers the matter completely escaped deponent's mind, and for that reason he failed, through inadvertence, to file an answer within the time fixed by law; that deponent's failure to answer was not willful or intentional, but due entirely to neglect and inadvertence as indicated ·above, since deponent had a lawyer at that time who looked after his affairs."

Nothing is necessary to be said in justification of the exercise of discretion by the trial court which was manifestly sound. A recent pertinent decision of this Court is *Gaskins v. California Ins. Co.,* 195 S. C., 376, 11 S. E. (2d), 436, in which the default was opened, but under entirely different circumstances. Describing the facts which ordinarily entitle one to such relief the Court said, in part: "When, therefore, a party . . . *applies promptly",* etc. (Emphasis added.) The appellant in this case showed no interest in the suit or judgment against him until proceedings to collect by arrest and bail were undertaken, several months after he had notice of the entry of judgment, to which latter he had formerly been entirely indifferent.

Careful analysis of this important power of the court to relieve from default is also found in the more recent case of *Savage v. Cannon,* 204 S. C., 473, 30 S. E. (2d), 70. Consideration of these authorities compel the conclusion that appellant failed to meet the first requirement for relief because his whole course of conduct negatives inadvertence, surprise and *excusable* neglect. Therefore the alleged merit of his proposed defense is immaterial. "When a man has a case in court, the best thing he can do is to attend to it . . .

234

and give it that amount of attention which one of ordinary prudence usually gives to his important business." *Detroit F. & S. Co. v. Foster,* 170 S. C., 121, 169 S. E., 871. For other South Carolina decisions see 20 S. E. D., 385 *et seq.,* particularly key number 153 as to the timeliness of application for relief.

The record of the trial shows that the verdict and judgment were recovered upon a cause of action for simple negligence and appellant argues that such does not warrant the harsh remedy of arrest and bail or, at least, that the allowance of it lies in the discretion of the court. These contentions are without merit. *Stidham v. DuBose,* 128 S. C., 318, 121 S. E., 791, 33 A. L. R., 645.

The exceptions are overruled and the judgment affirmed.

MESSRS. ASSOCIATE JUSTICES FISHBURNE, TAYLOR and OXNER and MR. ACTING ASSOCIATE JUSTICE E. H. HENDERSON concur.