### 16077

PRUITTE *et al.* v. BURNS *et al.*

(47 S. E. (2d) 785)

*Mr. Hoke B. Black,* of Greenville, for Appellants,

*Mr. W. W. Wilkins,* of Greenville, for Respondents,

May 10, 1948.

BAKER, Chief Justice.

On March 17, 1947, the respondents commenced their action against the appellants in the Greenville County Court, praying judgment in the sum of $1500.00. The cause of action arose out of the sale by the appellants, to the respondents, of an automobile for the sum above mentioned, which automobile was later discovered to have been stolen, and was taken from the respondents by officers of the law.

The appellants having failed to answer or otherwise plead to the complaint within the time allowed by law, the respondents on April 11, 1947, took judgment by default against them in the said sum of $1500.00, which judgment was entered and enrolled in the office of the Clerk of Court for Greenville County on April 19, 1947. Execution was forthwith issued, but remains unsatisfied.

On August 15, 1947, the appellants served (presumably on the respondents) a notice of a motion to vacate the judgment, and to permit them to file an answer to the complaint, upon the grounds of mistake, inadvertence and excusable neglect. This motion was heard upon supporting affidavits, which affidavits, on the pertinent facts, were traversed by affidavits on behalf of the respondents; and after oral arguments, Honorable W. B. McGowan, Judge of the Greenville County Court, by his order dated November 21, 1947, refused to grant the relief sought by the appellants, and in these words: "* * * after due consideration I have concluded that the motion should be denied, and it is so ordered."

The appeal raises two issues, first, were there such compelling grounds for opening or vacating the judgment that it should be held that the County Judge abused his discretion in refusing to do so, and second, have the appellants shown that they have a meritorious defense. Of course, if the first question is decided adversely to the appellants, the second question becomes immaterial. *Lucas v. North Carolina Mutual Life Ins. Co.,* 184 S. C. 119, 191 S. E. 711; *Poston v. State Highway Dept.,* 192 S. C. 137, 5 S. E. (2d) 729.

A summary of the supporting affidavits, and those *contra,* relative to the first issue follows.

The appellant, Eugene Burns made an affidavit that he had no connection with his brother, Wilkins Burns, in the automobile business, nor in any other business, and specifically denied that he had any interest in the automobile here involved; and "that he relied upon his brother, Wilkins, to employ counsel and to attend to the matter, particularly in view of the fact that deponent felt that he was in nowise responsible for anything."

The appellant, Wilkins Burns, made an affidavit that the complaint in this action was served upon him and his brother on or about March 18, 1947, at which time he (deponent) was in New York, and that he returned to Greenville on or about March 23rd; "that his brother, Eugene Burns, turned the entire matter over to him to attend to in regard to employing lawyers and whatever was to be done in the premises"; that he went to see Pruitte, one of the plaintiffs, two or three times, and the first time, neither Pruitte nor his partner, Hicks, was at their place of business, which is known as United Auto Sales; that he later telephoned to Pruitte, and told him he wanted to see what could be done about the car in question, and wanted to do the right thing, to which Pruitte replied that he didn't want a thing except his money back; that he then told Pruitte that he was willing

to give to him his (the deponent's) profit back ($200.00), and divide with him equally the loss of the $1300.00 which had been paid for the car when purchased by the deponent; that Pruitte then agreed to take the matter up with his partner, Hicks, and "see if he could not straighten the matter out"; that deponent later went to the place of business of United Auto Sales, and Pruitte told him that he had talked to Hicks "a little about it," and that Hicks did not have much to say; that deponent then requested Pruitte to talk further to Hicks, and he would later come to see him, and that he then informed Pruitte that he was going North again, and Pruitte stated that the three of them would discuss the matter further upon his return; that this led the deponent to believe that the matter was going to be settled, and therefore he didn't employ an attorney; that immediately upon his return, he went out to the United Auto Sales and talked to Hicks, to whom he made the same proposal of settlement he had made to Pruitte, but Hicks refused it, and said "let the matter be settled in Court"; that the time for answering had then expired. Wilkins Burns also stated in his affidavit that his brother, Eugene Burns, had no interest in the automobile business which he conducted.

The respondent, Charles V. Pruitte, made an affidavit that he first discussed the purchase of the automobile in question from Burns Motor Company with Eugene Burns, who stated that he knew the party from whom he had obtained the car, and would give his bill of sale with the car if the deponent purchased it, and that shortly thereafter, Wilkins Burns brought the car to the used car lot of the respondents, received $1500.00 as its purchase price, executed a bill of sale in the name of Burns Motor Company, to United Auto Sales covering same, and then and there delivered the car; that when he was first informed by an officer of the law that the car had been stolen, he called Eugene Burns and told him what he had learned, and requested him to come to his place of business and make some arrangement about the mat-

ter; that Eugene Burns promised to come see him, but never did; that on the day the automobile was surrendered to the officers, L. C. Hicks, Jr. (his partner), and Pralo Wood (a deputy sheriff for Greenville County) left the place of business of the respondents for the purpose of talking to Eugene Burns; that on this same day he went to the office of the counsel appearing in this case for the respondents, and turned the entire matter over to him with instructions that if not settled, to institute suit immediately against the appellants; that a few days after the summons and complaint had been served on the appellants, Wilkins Burns came to the place of business of respondents and undertook to make a compro- mise settlement of the matter, but was told that they would not accept anything less than the amount paid for the car, and this would have to be handled through their (respond- ents') attorney; that Wilkins Burns again came to the respondents' place of business and offered a compromise settlement, and was again told that they would not accept less than the $1500.00 paid for the car, and for him to see their attorney if he wanted to settle; that Wilkins Burns then replied, "You can get a judgment against us, but we won't have anything when you get it"; that the time for answering had not then expired when the last conversation was had with Wilkins Burns. The affidavit also contains a flat denial of the statement in the affidavit of Wilkins Burns that he had informed the deponent of his intention of making another trip North, and of any understanding or agreement that they would further discuss the matter upon his return; and further contains a denial of the portion of the affidavit of Eugene Burns which tends to establish that the said Eugene Burns had no interest in the automobile, and to the contrary states that the automobile was purchased from Eugene Burns who then represented that it was owned by him and Wilkins Burns.

The affidavit of the respondent, L. C. Hicks, Jr., is cor- roborative of that of Pruitte in practically every detail, and

further shows that on the day the automobile was delivered to the officers of the law, accompanied by Pralo Wood (Deputy Sheriff of Greenville County), he went to see Eugene Burns and told him he wanted a settlement out of him prior to delivering the automobile to the officers, and was told by said Eugene Burns that he was not going to do anything about it, that the car was not guaranteed to them and that he did not guarantee it to United Auto Sales.

The affidavit of Pralo Wood (Deputy Sheriff) is corroborative of Hicks' affidavit that Eugene Burns told Hicks he was not going to do anything about the automobile. Further, Wood states in his affidavit that he asked Eugene Burns how they operated, and was told that "he (Eugene Burns) and Wilkins Burns were 50-50 in the car and were operating on Georgia Dealers License."

When respondents employed counsel, their counsel telephoned Eugene Burns advising him that the matter had been placed with him for handling, and when Burns showed utter indifference to any liability on account of the transaction, he was advised that suit would be instituted, to which Burns replied, "Go ahead and sue."

Extension of time in which to answer was never requested by the appellants, nor granted by the respondents; and even after judgment had been rendered, and execution issued, appellants waited practically four months before taking any steps to have the judgment opened, all of which lends credence to the statement attributed to Wilkins Burns in the affidavit of Pruitte that, "You can get a judgment against us, but we won't have anything when you get it."

Section 495 of the Code of 1942, which permits the Court, in its discretion, within one year after notice thereof, to relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect, was never intended to protect the stubborn and indifferent; and as we view the record in this case, the

appellants have failed to bring themselves within the category of those who may be given relief. Furthermore, a motion to vacate a judgment by default is within the sound discretion of the judge before whom the motion is heard and his ruling will not be disturbed on appeal, unless appellant clearly shows abuse of discretion. *Duncan v. Duncan*, 93 S. C. 487, 496, 76 S. E. 1099; *Poston v. State Highway Department, supra.*

Being of opinion that the County Judge properly exercised his discretion in refusing to vacate the default judgment which had been entered against the appellants, the order appealed from is affirmed.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.