16682

RENO v. MANUFACTURERS & JOBBERS FINANCE CORP. *ET AL.*

(73 S. E. (2d) 277)

*Messrs. Price & Poag* of Greenville, *for Appellant,*

*Messrs. Walker & White,* of Union, and *Sam R. Watt,* of Spartanburg, *for Respondent,*

*Messrs. Price & Poag,* of Greenville, *for appellant, in Reply,*

404

November 11, 1952.

BAKER, Chief Justice.

In writing this opinion we will refer to the respondent as plaintiff, and to appellant as defendant.

The plaintiff served a summons (complaint not served) upon the defendant, and simultaneously, and attached there-

to, there was served on defendant a notice of motion for order of discovery and affidavit of Bruce W. White, Esq., one of plaintiff's attorneys, in support of the motion. The motion was returnable before Honorable Bruce Littlejohn, resident Judge of the Seventh Judicial Circuit, on the fourteenth day after the service of the summons, but, by agreement of counsel, was continued to a later date. None of the named defendants, other than the appellant, was served with a summons and had not been served at the time this appeal was taken.

Within six days after the service of the summons on the defendant, the attorneys for defendant gave notice of appearance not only for defendant, but for W. L. Plaxco, named in the title of the case as a defendant, and demanded a copy of the complaint, but the time for serving the complaint was subsequently extended by agreement.

At the hearing on the motion for order of discovery before the Circuit Judge, there was presented by defendant an affidavit of said W. L. Plaxco who was one of defendant's officers, but so far as the record discloses, no other return was made. Judge Littlejohn granted the motion as to the papers in the possession or control of the defendant, and conditionally as to the other papers and documents.

It does not appear that any of the questions now sought to be raised by this appeal were presented to and passed upon by the Court below. Apparently defendant resisted the motion for order of discovery upon the grounds that certain of the documents were not in its possession or control; and that the statements made in the supporting affidavit of plaintiff's counsel upon information and belief, such information presumably having been furnished to him by plaintiff, were not compatible with or in conformance with the other papers and documents sought by plaintiff, and that such other papers constituted a defense to the allegations of plaintiff, and should not be surrendered to him or examined by him for the purpose of evading such defense or defenses.

The plaintiff in his printed brief calls to our attention "that it does not appear from the Record that the several questions as raised by this appeal were presented to and passed upon by the Court below * * *; and therefore such questions are not properly before this Court." We find nothing in the record to the contrary, and although defendant filed a reply brief, there is no refutation of this statement.

We do not set out the papers and documents demanded in the notice of motion for order of discovery for the reason that all of these papers and documents are referred to in the affidavit of Mr. Plaxco with the exception of No. 4, "Insurance policy issued by Blue Ridge Insurance Company in connection with said loan." It appears that this document became unimportant since no further reference is made thereto by either party to the case.

Let the two affidavits hereinabove referred to be reported herewith.

In that it does not appear from the record that any of the issues raised by this appeal were presented to and passed upon by the Court below, we will not consider such issues and the appeal is dismissed.

Appeal dismissed.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.