16984

E. M. MARTHERS, Respondent, v. OTIS HURST, Appellant
(86 S. E. (2d) 581)

*Messrs. Hemphill & Hemphill,* of Chester, *for Appellant,*

*Charles B. Ridley, Esq.,* of Rock Hill, *for Respondent,*

March 21, 1955.

Oxner, Justice.

This is an action to recover actual and punitive damages for the alleged wrongful conversion of an automobile. On September 26, 1952, respondent purchased from appellant, who is engaged in the buying and selling of automobiles in the City of Rock Hill, a 1941 Plymouth car for $250.00. He made a down payment of $100.00 and to secure the balance of $150.00, together with "carrying charges" of $40.00, executed a mortgage for $190.00, payable $11.00 weekly commencing October 11th. This action is based upon the alleged wrongful seizure of said automobile by appellant at respondent's home on Sunday morning, November 30, 1952, while he was at church.

The summons and complaint were served on appellant on January 7, 1953. In due time he employed counsel who filed an answer in which, after admitting repossessing the car at the time mentioned, it was alleged that respondent being in arrears in his monthly payments to the extent of $37.00, appellant elected under the terms of the mortgage to de-

clare the entire balance due and peaceably entered the premises of respondent and took possession of the automobile, and after holding same for a period of more than thirty days, sold it at private sale as authorized by said mortgage.

While the case was pending on the docket, some differences arose between appellant and his counsel which finally resulted in the latter withdrawing from the case and turning his file over to his client. The answer, however, was not withdrawn. Thereafter the case was tried before Judge Henderson and a jury on April 20, 1954. Appellant was neither present nor represented by counsel. The jury returned a verdict in favor of respondent for $151.00 actual damages and $500.00 punitive damages. On April 28th, appellant engaged other counsel who immediately served notice of intention to appeal from the judgment entered on the verdict, and further gave notice that he would move before Judge Moss, the Resident Judge, on May 7th to vacate said judgment upon the ground that it was taken against appellant through excusable neglect. This motion was duly heard on affidavits by Judge Moss and refused in an order filed on June 1, 1954. The Court concluded that appellant had shown neither excusable neglect nor a meritorious defense. The case is here on appeal (1) from the order of Judge Moss refusing to vacate the judgment, and (2) from the judgment entered on the verdict of the jury.

We shall first determine whether Judge Moss erred in refusing to open up the judgment. An affidavit by appellant's former counsel was to the following effect: When the York County Bar met to arrange the roster for the March, 1954, term of court, he advised respondent's counsel that owing to previous differences he was uncertain whether he any longer represented his client. However, the case was set for trial. He then sought to contact his client by telephone for the purpose of advising him of this fact, but found that appellant was out of the city. After this information was given to respondent's counsel and the presiding Judge, it was agreed that the case would be continued until the April

term of court. He wrote his client during the latter part of March, after court adjourned, stating that the case would be called for trial at the April term and advised appellant that if he wished him to continue in the case, it would be necessary to pay the balance of his fee, but that if this was not satisfactory, he would turn the file over to appellant with the privilege of using the answer already filed. A few days later he received a note from appellant requesting him to return the file, which was done immediately. He definitely stated that the file was returned during the week beginning April 5, 1954.

In his affidavit, appellant stated that he was informed the case would be tried at the February, 1954, term of court and was ready for trial, but the case was continued; that he "was under the impression that he would be notified well in advance" of any future trial; that he was out of the State from April 13th to April 21st; that the first information that he had that the case had been set for trial on April 20th was a long distance call from his wife on the night of · April 19th; and that early the next morning (April 20th), he telephoned the Clerk of Court that he was in Danville, Virginia, and it would be impossible for him to get to York in time for the trial. In this affidavit he admitted that respondent's counsel wrote him a letter on April 16th stating that the case would be tried on April 20th, but said this letter was not received by him until he returned home on the morning of April 21st, the day following the trial.

The only other affidavit bearing on the question of excusable neglect was by the Clerk of Court who stated that about 8:00 or 8:30 on the morning of April 20th, he received a telephone call from appellant, requesting that he give the following message to the Court: "Tell the Judge that I was called out of town unexpectedly and it is impossible for me to be in York to try my case." The Clerk stated that he complied with this request.

,2 The motion to vacate was made under Section 10-1213 of the 1952 Code which permits the Court, in its discretion, at any time within one year after no-

tice thereof, to relieve a party from a judgment or other proceedings "taken against him through his mistake, inadvertence, surprise or excusable neglect." It is well established that a motion of this kind is addressed to the sound discretion of the Circuit Judge whose ruling will not be disturbed in the absence of a clear showing of abuse of discretion. *Poston v. State Highway Department,* 192 S. C. 137, 5 S. E. (2d) *729; Pruitt v. Burns,* 212 S. C. 325, 47 S. E. (2d) 785. It is equally well settled that it is incumbent upon the party seeking relief under this section to show (1) that the judgment was taken against him "through his mistake, inadvertence, surprise or excusable neglect"; *and* (2) that he has a meritorious defense. *Savage v. Cannon,* 204 S. C. 473, 30 S. E. (2d) 70.

We need not consider the question of meritorious defense, for it clearly appears that there was no abuse of discretion on the part of Judge Moss in holding that appellant had failed to show excusable neglect. On the contrary, the facts show that his conclusion in this respect was eminently correct.

It is undisputed that the services of appellant's former counsel were terminated several weeks or more before the case was tried, thereby affording him ample opportunity to employ other counsel. Instead of doing so, he undertook to handle the matter himself. He does not say where he received "the impression that he would be notified well in advance" of the time of trial. We know of no duty resting upon anyone to so notify him although, as a matter of courtesy, respondent's counsel did so in the letter of April 16th. "It is the duty of litigants and their counsel to keep themselves advised of the status of their cases." *Hartford Fire Insurance Co. v. Sightler,* 131 S. C. 241, 127 S. E. 13, 14.

Appellant will be charged with constructive notice of the statute, Code 1952, § 15-274, providing for a term of the Court of Common Pleas at York beginning on the third

Monday in April. It further appears that the roster for that court was published in the Rock Hill papers. Previously during the latter part of March, appellant's former counsel had advised him by letter that his case "would be called for trial at the next term of court." Instead of arranging for the trial of this case, appellant absented himself from the State from April 13th to the 21st. The case had previously been continued at the March term on account of his absence. It clearly appears that the failure of appellant to be present for his trial was due to his own negligence. In *Brown v. Nix,* 208 S. C. 230, 37 S. E. (2d) 579, 580, the Court quoted with approval the following: "When a man has a case in court, the best thing he can do is to attend to it * * * (and) give it that amount of attention which (one) of ordinary prudence usually gives to his important business.' "

In further support of our conclusion of lack of diligence on the part of appellant, see *Freeman v. Chavis,* 113 S. C. 326, 101 S. E. 849, and *Poston v. State Highway Department, supra,* 192 S. C. 137, 5 S. E. (2d) 729.

We now turn to the exceptions relating to the trial. The first is that "the verdict and judgment were contrary to the evidence." This exception is too general. The second is that the Court erred in submitting the question of punitive damages to the jury. There was no motion for a nonsuit or directed verdict either as to actual or punitive damages. This precludes appellant from raising now any question as to the sufficiency of the evidence. Circuit Court Rule 76. By the remaining exceptions it is contended that the trial Judge erred in failing to instruct the jury on certain phases of the case. The charge of Judge Henderson was full, clear and free of error. "If appellant desired a more detailed charge or further instructions covering special features of the case not mentioned in the general charge, requests to this effect should have been submitted or the omission should have been called to the attention of the Court." *Thigpen v. Thigpen,* 217 S. C. 322, 60 S. E. (2d) 621, 626. It is true that due to appellant's negligence, he was not present at the

trial nor represented by counsel, but this does not relieve him of the necessity of complying with the rules.

Both the judgment and the order refusing to vacate same are affirmed.

BAKER, C. J., and STUKES, TAYLOR and LEGGE, JJ., concur.