17123

CLARENCE MORGAN, Respondent, v. STATE FARM MUTUAL
INSURANCE COMPANY, Appellant

(91 S. E. (2d) 723)

*Messrs. Wyche, Burgess & Wyche,* of Greenville, *for Appellant,*

*Messrs. Clement L. McEachern* and *Julius B. Aiken,* of Greenville, *for Respondent,*

February 27, 1956.

TAYLOR, Justice.

This appeal comes from an Order of the Honorable W. B. McGowan, Judge of the County Court of Greenville, refusing appellant an extension of time in which to file answer and authorizing respondent to proceed with the entering up of a default judgment.

On December 2, 1954, the South Carolina Insurance Commissioner acknowledged service of summons and complaint in the above case on behalf of appellant, State Farm Mutual Insurance Company, said Company having been authorized to do business in this State; and, on the same day, the said

Insurance Commissioner mailed the summons and complaint to appellant at its home office in Bloomington, Illinois, where it was received December 5, 1954. The home office thereupon mailed the summons and complaint to its Jacksonville, Florida, office where it was received on December 6, 1954. On December 23, 1954, the Jacksonville office contacted appellant's attorneys in Greenville, South Carolina, and instructed them to file an answer. The answer was prepared and served upon counsel for respondent who refused to accept service thereof upon the ground that it had not been served within time. Thereafter, respondent served counsel for appellant with notice that they would move for permission to enter up default judgment against appellant. This motion was heard with counsel for appellant resisting the motion, contending that the answer had been filed in time and failing in that for an extension of time and permission to file answer. On January 7, 1955, the Honorable W. B. McGowan filed his Order holding that the answer had not been filed in time and refused appellant an extension of time in which to file answer for the reason that excusable neglect had not been shown as required under Section 10-609, Code of Laws of South Carolina 1952, which appears as follows:

"When Court may permit filing after time expired.

"The court may, in its discretion and upon such terms as may be just, allow an answer or reply to be made or other act to be done after the time limited by this Code or by an order enlarge such time."

From the affidavits submitted, it appears that the summons and complaint were received by appellant at its Bloomington, Illinois, office on December 5, and at its Jacksonville, Florida, office on December 6, 1954, and that an official of said Company at Jacksonville, Florida, erroneously considered the service as being effective as of the date received at that office rather than December 2, 1954, the date of the acceptance of service by the South Carolina Insurance Commissioner.

A pertinent portion of Section 37-105 of the Code of Laws of South Carolina 1952, appears as follows:

"Every insurance company shall, before being licensed, appoint in writing the Commissioner and his successors in office to be its true and lawful attorney upon whom all legal process in any action or proceeding against it shall be served and in such writing shall agree that any lawful process against it which is served upon such attorney shall be of the same legal force and validity as if served upon the company and that the authority shall continue in force so long as any liability remains outstanding in the State. * * *"

Appellant elected to come within the above provision by complying with its requirements and having done so is bound by it.

Appellant takes the further position on appeal that service was within time as provided in Section 10-465 of the Code of Laws of South Carolina 1952, which appears as follows:

"When the service is by mail double the time required in cases of personal service shall be given."

This position was not taken before the hearing Judge and issues not properly raised before the hearing Judge cannot be raised for the first time before this Court except on questions of jurisdiction. *Reno v. Manufacturers & Jobbers Finance Corp.*, 222 S. C. 401, 73 S. E. (2d) 277.

It is clear that appellant, chargeable with knowledge of the statutes heretofore referred to, did not contact counsel until the time for filing an answer had expired; and the officer of the Company in computing the time for some reason came to the conclusion that the time commenced to run from December 6, the date of the receipt of the summons and complaint in the Jacksonville office, rather than December 2, the date of the acceptance of service by the Insurance Commissioner. The hearing Judge stated in his Order that: "The impression of the Jacksonville official

that the twenty days for filing an answer ran from December 6, 1954, will hardly suffice to excuse the defendant insurance company from filing the answer within time." And his conclusion thereabout will not be disturbed unless there is a clear showing of abuse of discretion. While the motion in the instant case was made prior to the entering up of the judgment and not after such judgment had been entered up as in most cases, the reasoning and language of the Court in such cases is apropos here. See, *Poston v. State Highway Department,* 192 S. C. 137, 5 S. E. (2d) 729; *Pruitte v. Burns,* 212 S. C. 325, 47 S. E. (2d) 785; *Savage v. Cannon,* 204 S. C. 473, 30 S. E. (2d) 70; *Brown v. Nix,* 208 S. C. 230, 37 S. E. (2d) 579; *Marthers v. Hurst,* 226 S. C. 621, 86 S. E. (2d) 581.

We are of the opinion that appellant has failed to show wherein the hearing Judge abused his discretion in holding that excusable neglect had not been shown; that all exceptions should be dismissed and the Order appealed from affirmed; and it is so ordered.

Affirmed.

STUKES, OXNER and LEGGE, JJ., and J. WOODROW LEWIS, Acting Associate Justice, concur.

STUKES, Justice (concurring).

I concur in the opinion of Mr. Justice Taylor because the order under appeal was within the discretion of the court and, in view of the facts, I do not think it can be soundly held that there was a clear abuse of discretion. Decision on motion to answer after time is expressly left in the discretion of the court under the terms of Sec. 10-609 of the Code.

As stated in the code annotation of this section, Vol. 1, pp. 679, 680, "Nearly all of the cases pertaining to this section state the principle that the discretion expressly vested in the circuit court [county court here] by this section will not be disturbed except in a case of clear abuse. [Citing many cases.] Or unless exercise of discretion was controlled by some error of law, [Citing cases] and such abuse must be

gross [Citation]. There is no test to determine abuse.—Under this section no hard and fast rule for the exercise of the court's discretion can be laid down, and because some other judge might have decided in a different way does not establish an abuse of discretion. *Bishop v. Jacobs,* 108 S. C. 49, 93 S. E. 243."

The factual showing of appellant consisted only of the affidavit of the manager of its Jacksonville branch office, which follows in part:

"The letter and Summons and Complaint were forwarded by our Home Office in Bloomington, Illinois and received by our Jacksonville, Florida Branch Office on or about December 8th, 1954. The claim filed was not located until December 14th, 1954, at which time we acknowledged Mr. R. Lee Kelly's letter of December 2nd, 1954. All coverage and policy defenses are considered and passed on by our General Claims Staff in Bloomington, Illinois. On December 16th, 1954, the entire claim file, including the Summons and Complaint was mailed to our General Claims Staff in Bloomington, Illinois for their immediate consideration and instructions. Our General Claims Staff received the file on December 20th, 1954 at which time they ruled to defend the lawsuit against the Company. The claim file was returned to the Jacksonville, Florida, Branch Office on December 23rd, at which time we called our Attorneys to check the Answer date."

It is noted, that no reason or excuse is offered for the failure to locate the file during the period from December 8 to December 14, nor for the failure to forward the file to the home office until December 16. Neglect is shown, but no excuse for it.

The affiant further says in his affidavit, quoting, "we figured twenty days from December 6 as the answer date," which was the date of the delivery of the summons and complaint by registered mail to the home office, whereas he should have "figured" from the date of service upon the Insurance Commissioner which was December 2. The case is

thus similar to *Lucas v. North Carolina Mutual Life Ins. Co.*, 184 S. C. 119, 191 S. E. 711, 712, which was under the present Code Sec. 10-1213 (then a part of Sec. 495 of the Code of 1942) to open up a default judgment and allow answer. The agent of the defendant company there thought the service of process upon an agent of the company, instead of the Insurance Commissioner, was legally insufficient, and he permitted default; as we said in the opinion, "he mistook the law." Denial of relief was affirmed and it was further said: "It is always a matter of regret that a party should not have his day in court. However, when legal process is duly and regularly served upon a defendant, and he assumes to know the law thereabout, and in so doing mistakes the law, he must, under the circumstances shown here, suffer the consequences of such mistaken assumption." *Anderson v. Toledo Scale Co.*, 192 S. C. 300, 6 S. E. (2d) 465, is a parallel case; there the defendant disregarded service of summons without complaint, thinking that service of complaint was necessary to start the running of time. These authorities fully support the conclusion of the hearing judge in the instant case, which is quoted in the opinion of Mr. Justice Taylor.

*Johnson v. Finger*, 102 S. C. 354, 86 S. E. 673 and *Savage v. Cannon*, 204 S. C. 473, 30 S. E. (2d) 70, which are relied upon by appellant, are distinguishable from this case because in them the defendants employed counsel within the time for answering and counsels' mistakes caused the defaults. This distinguishing feature is emphasized in the opinion in the *Savage case* by repeated references to it. In both of the last cited cases the orders of the circuit court were affirmed.

OXNER and LEGGE, JJ., and J. WOODROW LEWIS, Acting Associate Justice, concur.