17227

MRS. ETHEL WARD, Respondent, v. ROGER MILLER and SLOAN CONSTRUCTION COMPANY, INC., of whom Roger Miller is, Appellant.

HERMAN O. WARD, Respondent, v. ROGER MILLER and SLOAN CONSTRUCTION COMPANY, INC., of whom Roger Miller is, Appellant.

(95 S. E. (2d) 482)

*Messrs. Lee & Moise,* of Sumter, *for Appellant,*

*Messrs. Nash & Wilson,* of Sumter, *for Respondents,*

November 29, 1956.

Moss, Justice.

These two actions, one for property damage, and the other for personal injury, were commenced by the service of a summons and unverified complaint. The complaints are practically identical, except for the ad damnum allegations. Both of the complaints allege that the appellant, Roger Miller, is a nonresident of this State and was operating a dump truck in Sumter County, South Carolina. The summons and complaint were served upon the Chief Highway Commissioner of South Carolina, who accepted service thereof on February 13, 1956. The record shows that the Chief Highway Commissioner forthwith sent by registered mail a copy of the summonses and complaints to Roger Miller, the defendant-appellant, to Mt. Gilead, North Carolina, this being his home address. It also appears that the defendant-appellant signed the registry return receipt on February 15, 1956.

It further appears from the record that there was filed with the summons and complaint, in each of the cases, the affidavit of the attorney for the respondents showing compliance with Section 10-431, 1952 Code of Laws of South Carolina. There was also filed with this affidavit the original acceptance of service by the Chief Highway Commissioner and the registery receipt of the appellant, Roger Miller.

The appellant, on March 16, 1956, attempted to serve his answers to the complaints on the respondents' attorneys. The respondents' attorneys refused to accept service on the ground that the appellant was in default, not having served his answers within twenty days after the service of the summonses and complaints. Section 10-641, 1952 Code of Laws of South Carolina. The appellant then served notice of motion before the Trial Judge for order adjudging that the appellant was not in default, or failing therein, for an order allowing appellant to file his answers. The motions were heard by the Honorable J. Frank Eatmon on the record and affidavits submitted, and by his order, such motions were refused.

The appeal to this court raises two questions for determination. (1) Where an agent designated by Statute accepts service of process, is double time allowed within which to answer under the provisions of Section 10-465, Code of Laws of 1952? (2) Was there abuse of discretion in the refusal of the Trial Judge to open the default and permit the defendant to answer?

Service of the summons and complaint in each of the cases was made by serving such upon the Chief Highway Commissioner, as Agent for the nonresident appellant, pursuant to Section 46-104 of the 1952 Code of Laws of South Carolina, which provides:

"The acceptance by a nonresident of the rights and privileges conferred by the laws in force in this State permitting the operation of motor vehicles, as evidenced by the operation of a motor vehicle by such nonresident on the public highways, the streets of any incorporated municipality or the public roads of this State or the operation by such nonresident of a motor vehicle on any such public highways, streets or public roads other than as so permitted or regulated shall be deemed equivalent to the appointment by such nonresident of the Chief Highway Commissioner or of his successor in office to be his true and lawful attorney upon whom may be served all summons or other lawful process in any action or proceeding against him growing out of any accident or collision in which such nonresident may be involved by reason of the operation by him, for him or under his control or direction, express or implied, of a motor vehicle on such public highways, streets or public roads. Such acceptance or operation shall be a signification of his agreement that any such process against him shall be of the same legal force and validity as if served on him personally."

It is then provided in Section 10-431 of the 1952 Code of Laws of South Carolina, as follows:

"Service of process upon the Chief Highway Commissioner as agent of a nonresident driver under the provisions

of § 46-104 shall be made by leaving a copy thereof, with a fee of one dollar, in the hands of the Commissioner in his office and such service shall be sufficient service upon such nonresident if notice of such service and a copy of the process are forthwith sent by registered mail by the plaintiff or the Commissioner to the defendant and the defendant's return receipt and the plaintiff's affidavit of compliance herewith are appended to the summons or other process and filed with the summons, complaint and other papers in the cause. The Chief Highway Commissioner shall keep a record of all such processes which shall show the day and hour of service upon him. When the registry return receipt shall be returned to the Chief Highway Commissioner he shall deliver it to the plaintiff on request and keep a record showing the date of its receipt by him and its delivery to the plaintiff."

It is interesting to note that statutes in all of the forty-eight States and the District of Columbia now make provision for constructive or substituted service of process upon nonresident motorists becoming involved in automobile accidents in the State where the action for personal injuries or damages is brought. These statutes vary in detail but they generally provide that by using the highways the nonresident motorist will be deemed to have appointed some State official as his agent for service of process in such actions as fall within the purview of the statute. These statutes have been held to be constitutional when they contain provisions which make it reasonably probable that notice will be communicated to the person to be served, as by requiring the mailing of a copy of the summons and complaint to his last known address. *Hess v. Pawloski,* 274 U. S. 352, 47 S. Ct. 632, 71 L. Ed. 1091; *Wuchter v. Pizzutti,* 276 U. S. 13, 48 S. Ct. 259, 72 L. Ed. 446, 57 A. L. R. 1230.

The service of the summons and complaint upon the Chief Highway Commissioner and his return registry receipt and the filing of the affidavit as required by the Code has been done strictly in accordance with the statute. However, the appellant does assert that where an agent designated by the

State accepts service of process, then double time is allowed within which to answer. The appellant contends that Section 10-465 of the 1952 Code of Laws applies. This Section provides "When the service is by mail double the time required in cases of personal service shall be given." We have found no statute relating to service upon the Chief Highway Commissioner of the summons and complaint which provides for double time. On the contrary, Section 46-104 of the 1952 Code of Laws provides that service of process upon the Chief Highway Commissioner shall have legal force and validity as if served on the defendant personally. There can be no doubt that the statutes above quoted, Sections 46-104 and 10-431, make the Chief Highway Commissioner the agent of the nonresident motorist. This court has likewise so held. *Courtney v. Meyer,* 202 S. C. 437, 25 S. E. (2d) 481.

There is another reason why Section 10-465 of the 1952 Code of Laws does not apply. On March 1, 1870, the General Assembly of this State adopted "An Act to Revise, Simplify and Abridge the Rules, Practice, Pleadings and Forms of Courts in this State." 14 Stats. 423. In chapter XI of this Act, Section 427 provided that when service is by mail double the time required in cases of personal service should be given. But Section 433 of the same chapter provides: "The provision of this chapter shall not apply to the service of a summons or other process, or of any paper to bring a party into contempt." Thus, it is demonstrated from the original Act that Section 10-465 of the 1952 Code of Laws had no application to the Service of a summons by mail. The provision contained in Section 433 of the original Act is now incorporated, with amendments, which do not change the original meaning, in Section 10-473 of the 1952 Code of Laws.

In the case of *Priester v. Priester,* 131 S. C. 284, 127 S. E. 18, 19, it appears that a decree was filed out of term time. On the day of filing the attorneys mailed to opposing counsel a formal notice, in writing, of the filing of the decree,

accompanied by a letter requesting that acceptance of service be endorsed on the back of the original and returned to the forwarding attorneys. The acceptance of service was made upon the back of the original notice by such attorneys and returned to the senders. Such acceptance was dated June 30, 1923. Thereafter, on July 12, 1923, appellant mailed to the attorneys notice of intention to appeal from such decree. Acceptance of service of the notice of intention to appeal was refused on the ground that it had not been served within the ten days allowed by law, and upon the dismissal of the proposed appeal from such decree by the Circuit Judge, the appellants in this court contended that the service of notice of the filing of the decree was a service by mail and that Section 764 of the Code of Civil Procedure, 1922 (now Section 10-465 of the 1952 Code), was applicable and effective to extend the time for giving notice of intention to appeal from ten days to twenty days. The court held that this was not a service by mail within the meaning of the statute, and in disposing of the appeal, had this to say:

"In the case at bar the service relied on by respondents is not the deposit of the paper in the post office, duly addressed and stamped—of which, indeed, there is no direct proof in the record—but the general and unqualified acceptance of service in writing by appellant through her attorney on a date certain. The general rule that such 'an acknowledgement or acceptance of service is the full equivalent of actual personal service' (32 Cyc., 450) is the established law of this jurisdiction (*Baker v. Irvine*, 58 S. C. 436, 36 S. E. 742; *Benson v. Carrier*, 28 S. C. [119] 122, 5 S. E. 272. *Brown & Parler v. Kolb*, 92 S. C. 309, 310, 75 S. E. 529). If so, the fact that the paper was transmitted by mail is, we think, immaterial. Such fact could not, as we apprehend, convert the service by written acceptance into the 'service by mail' contemplated by the statute, and make applicable the double-time provision of section 764 [now Section 10-465 of the 1952 Code]—a view strongly reinforced by the consideration that in the case of such acceptance of service the reason above

indicated for such double-time provision of the statute invoked is wholly absent."

We, therefore, conclude that where a summons and ■ complaint is served upon a statutory agent for a nonresident motorist double time within which to answer is not allowed under the provisions of Section 10-465, Code of Laws of 1952.

We come now to the question of whether or not there was an abuse of discretion in the refusal of the Trial Judge to grant the alternative relief sought and to open the default and permit the appellant to answer.

It appears from the record that the appellant was operating a truck which was covered by a liability insurance policy issued by Textile Insurance Company to the employer of the appellant. The affidavit of J. G. Daniel, Jr., a claims attorney for such insurance company, states that neither the appellant nor the named insured in said liability policy has ever furnished his company with any notice of these actions. There is no reason or excuse given for the appellant's failure to furnish the summons and complaint in these actions. It also appears by affidavit of C. M. Atkinson, an employee of James C. Greene Co., Insurance Adjusters, in Sumter, South Carolina, that he made an investigation of the collision between the automobile of the respondents and the truck driven by the appellant. He states that he contacted S. K. Nash of the firm of Nash & Wilson, the attorneys for the respondents, and that he was furnished copies of the complaints in these two cases, and that such were furnished him some time during the week commencing February 20, 1956. He avers in his affidavit that following his interview with Mr. Nash he dictated a report, and along with copies of the complaints, forwarded such on February 27, 1956, to the office of Textile Insurance Company at High Point, North Carolina. This report was received in the insurance company's office on February 29, 1956. It then appears that J. G. Daniel, Jr., of the Home Office, on March 7, 1956, wrote

C. M. Atkinson, Adjuster, at Sumter, South Carolina, authorizing him to confer with Lee & Moise, Attorneys of Sumter, South Carolina, and authorized them to take such steps as necessary to protect the company's interest. It also appears by affidavit of John D. Lee that on March 10, 1956, he was handed the letter above described authorizing his firm to take such steps as were necessary to protect the interest of the Textile Insurance Company. It further appears that John D. Lee contacted S. K. Nash, of counsel for the respondents, and was advised of the service of the summonses and complaints upon the Chief Highway Commissioner and upon the appellant on the dates heretofore set out.

It appears by affidavit of S. K. Nash that on or prior to February 17, 1956, he advised C. M. Atkinson, who had called at his office to discuss these cases, that suit had been commenced and that the summonses and complaints had been sent to the Chief Highway Commissioner for service, and that at such time he delivered copies of the complaint in each of the cases to the said Atkinson. The only difference between the affidavits of S. K. Nash and C. M. Atkinson is as to the date of his visit to the office of Attorney Nash. The Circuit Judge accepted the statement of Mr. Nash and found that Atkinson "received such pleading on or before February 17, 1956, and delayed for at least ten days the mailing thereof. He gives no reason for the delay. * * *"

It thus appears that the appellant, Roger Miller, did nothing when the summonses and complaints were served upon him. It also appears that the adjuster and agent for Textile Insurance Company were negligent in their handling of the cases in behalf of the appellant. Neither the appellant, nor the insurance company in his behalf, filed an answer within the period allowed by law from either the time of the service of the summonses and complaints upon the Chief Highway Commissioner and the appellant, or from the time the representative of the insurance company obtained copies of the complaints.

The appellant asserts that his motion to be allowed to answer should have been granted under Section 10-609 of the 1952 Code of Laws, which provides:

"The Court may in its discretion and upon such terms as may be just, allow an answer or reply to be made or other act to be done after the time limited by this Code or by an order enlarge such time."

A motion under the above quoted section is addressed to the sound discretion of the court and where the court refuses to allow an answer to be filed, the appellant in order to prevail in this court must show that there was a clear abuse of discretion by the Trial Judge. In *McDaniel v. Addison*, 53 S. C. 222, 31 S. E. 226, 227, the court said:

"The motion is based upon section 195 of the Code of Civil Procedure, which provides, amongst other things, that the Court may 'in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited by this Code of Procedure, or by an order, enlarge such time.' It is manifest, therefore, from the express terms of the statute, that a motion of this character is addressed to the discretion of the circuit court, and not, therefore, ordinarily appealable. For as was said by the late Chief Justice Simpson, in *Truett v. Rains*, 17 S. C. 451, and quoted with approval in the very recent case of *Michalson v. Rountree* [51 S. C. 405], 29 S. E. 66, at page 67: 'As a general rule, where a court or judge is invested with power to be exercised at discretion, such power is absolute, and, when exercised, it is final. From the very meaning of the term and the nature of the power, discretion is unlimited. It is bounded by no rule except the good sense and integrity of the party empowered to exercise it, and, in the absence of an express right to appeal, it necessarily follows that its exercise is unappealable.' While this is, undoubtedly, the general rule, our cases, some of which have been cited in the argument of counsel, recognize, at least, one exception, and that is where there has been an abuse of dis-

cretion. Of course, this court would not assume that any Circuit Judge had been guilty of abuse of discretion confided to him by law; and hence, whenever an appeal has been taken upon this ground, the burden rests upon the appellant to show that there has been abuse of discretion."

In the case of *Morgan v. State Farm Mutual Insurance Co.,* 229 S. C. 44, 91 S. E. (2d) 723, 724, the plaintiff made a motion for permission to enter up a default judgment against the Insurance Company, and it applied for extension of time in which to file an answer. The court entered an order refusing the extension of time in which to file an answer and authorized the plaintiff to proceed with the entering up of a default judgment. The Company appealed. The court, in disposing of the appeal, said:

"And his conclusion thereabout will not be disturbed unless there is a clear showing of abuse of discretion. While the motion in the instant case was made prior to the entering up of the judgment and not after such judgment had been entered up as in most cases, the reasoning and language of the Court in such cases is apropos here. See, *Poston v. State Highway Department,* 192 S. C. 137, 5 S. E. (2d) 729; *Pruitte v. Burns,* 212 S. C. 325, 47 S. E. (2d) 785; *Savage v. Cannon,* 204 S. C. 473, 30 S. E. (2d) 70; *Brown v. Nix,* 208 S. C. 230, 37 S. E. (2d) 579; *Marthers v. Hurst,* 226 S. C. 621, 86 S. E. (2d) 581."

Quoting again from the case of *Morgan v. State Farm Mutual Insurance Company, supra,* Mr. Associate Justice Stukes, now Chief Justice of the Supreme Court, in a concurring opinion, used language very appropriate to the matter under consideration. He said: "Neglect is shown, but no excuse for it." [229 S. C. 44, 91 S. E. (2d) 725.]

The appellant has failed to show wherein the Trial Judge has abused his discretion in holding that excusable neglect had not been shown. All exceptions are overruled.

We think it appropriate to state that counsel for the appellant are. in no wise to be blamed for the neglect of the appellant in this case. When they were employed to represent the appellant, he was already in default.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.