21311

CITY OF ORANGEBURG, Respondent, v. Carolyn H. EDWARDS, Appellant.

(271 S. E. (2d) 314)

*Reddick A. Bowman, Jr.,* Orangeburg, *for appellant.*

*C. Walker Limehouse,* Orangeburg, *for respondent.*

October 8, 1980.

LEWIS, Chief Justice:

This is a condemnation proceeding in which the appellant challenges the lower court judge's denial of her motion to dismiss the respondent's appeal to the court of common pleas. The crux of the appellant's contention on appeal is that § 28-9-90 concerning the service of papers in a condemnation action requires personal service under the provisions of § 15-9-520. We agree.

In an effort to acquire an easement through the appellant's land, the City of Orangeburg initiated this action by personal service. Thereafter, the Board of Condemnation awarded her $6,000.00 as compensation for the easement. Although there is disagreement as to who was responsible for the service, it is undisputed that a copy of the resolution granting the award was personally served on the appellant. On the day prior to service of the resolution on the appellant, the respondent filed a Notice of Intent to Appeal and a copy was forwarded by mail to the attorney for the appellant. After the time for service of Notice of Intent to Appeal had passed, the appellant's attorney wrote the City to ascertain their intentions. The City indicated its intent to pursue an appeal requiring a trial *de novo* and the appellant subsequently moved for a dsmissal upon the grounds that the City failed to comply with the statutory requirements.

In denying the motion, the lower court judge applied § 15-9-930 and § 15-9-940 relating to service by mail, in conjunction with § 15-9-990 allowing for service of papers upon a party's attorney. He concluded that these provisions in Article 7 entitled Service of Papers generally allowed for

service upon the appellant's attorney. Our statutes and case law indicate that his reliance was misplaced.

Chapter 9 of Title 28, S. C. Code of Laws (1976) provides the statutory procedure for condemnation by a municipality such as the City of Orangeburg. The chapter contains provisions for appeals and further provides in § 28-9-90 for the method of service of notices:

*Section 28-9-90 Service of Papers*

The same procedure *shall* be followed in serving *any notice or paper* required by this Chapter as is now followed by the *service of a summons* in a civil action.

Section 15-9-1030 of the Article relied upon by the trial judge provides:

Applicability of this article, . . . shall not apply to the service of the summons. . . .

The requirements of this Code provision have been previously recognized. In *Ward v. Miller,* 290 S. C. 288, 95 S. E. (2d) 482 (1956), the Court indicated that in light of § 15-9-1030, the double time provisions contained in the Article have no application to the service of a summons by mail.

It follows that the service by mail provisions do not apply, and therefore § 15-9-520 dictates the type of service required where the defendant is in the State. *See Armstrong v. Brant,* 44 S. C. 177, 21 S. E. 634 (1894).

*Section 15-9-520 Service in Other Cases*

In all cases other than those mentioned in this article the summons shall be served by delivering the copy thereof to the defendant personally or to any person of discretion residing at the residence or employed at the place of business of the defendant.

It is clear that personal service of a summons on a resident defendant is required. Since the Notice of intent to Appeal in this Condemnation proceeding was not given the

same degree of solemnity as required by the statute, the respondent's appeal should have been dismissed. Accordingly, the decision of the lower court judge is reversed and the case is remanded for dismissal of the respondent's appeal.

Reversed and remanded.

GREGORY and HARWELL, JJ., concur.

LITTLEJOHN and NESS, JJ., dissent.

NESS, Justice (dissenting):

I dissent and would affirm the trial court. In my view the majority gives an overly strict interpretation to § 28-9-90, Code of Laws of South Carolina (1976), in dismissing the appeal because the City of Orangeburg served its notice of appeal on Carolyn Edwards' attorney rather than her.

Although § 28-9-90, *supra,* designates notices to be served in the same manner as a summons in a civil action, I believe the interests of justice dictate a more liberal interpretation of the statute than given by the majority.

It is well-settled that once an action has been commenced and an attorney retained, all papers shall be served on the attorney. See § 15-9-990, Code of Laws of South Carolina (1976). The majority relies on § 15-9-1030, Code of Laws of South Carolina (1976) to support their position that the service of the *notice of appeal* in this case was improperly served.

Here, although the Code states that the procedure for serving a summons shall be followed, what we have being served is, in fact, a *notice of appeal* and *not a summons.*

In *Anderson v. Anderson,* 198 S. C. 412, 18 S. E. (2d) 9 (1941), this Court held that a notice of appeal was not a "process" within the meaning of § 15-9-1030, *supra,* so as to prohibit service on the attorney in lieu of opposing party. The same rationale applies in this case. The sole purpose of a notice of appeal is to inform the court and the opposing party that the party appealing is dissatisfied with and seeks to appeal from the decision rendered.

Furthermore, § 28-3-80, Code of Laws of South Carolina (1976), provides that notice of appeal in a state condemnation proceeding may be served on opposing party or its counsel. I can see no valid reason why a different procedure is called for when the municipality rather than the state is a party to the condemnation proceeding. It is undisputed that appellant's counsel was served with the notice of appeal within the statutory time and prior to writing the City to ascertain their intentons.

The majority's strict interpretation of § 28-9-90, *supra,* in my opinion places form over substance.

I would affirm the lower court and allow the appeal to proceed.

LITTLEJOHN, J., concurs.