**REDMOND v. O'SULLIVAN RUBBER CO., Inc.**

**Civ. A. No. 91.**

United States District Court
W. D. Virginia, at Harrisonburg.

Oct. 1, 1943.

See also 10 F.R.D. 536.

Walter W. Wood, Roanoke, Va., for the plaintiff.

J. Sloan Kuykendall, Winchester, Va., for the defendant.

520

PAUL, District Judge.

■ In this case the complaint was served upon the defendant on August 7, 1943, in the City of Winchester, in this district. On the 1st day of September, 1943, the defendant tendered its answer for filing in the Clerk's Office. More than twenty days having elapsed since the service of the complaint, the Clerk properly endorsed the answer as "Proffered for filing on September 1, 1943", and called the attention of the defendant to the fact that the answer had not been filed within the twenty days required by the Federal Rules of Civil Procedure, rule 12(a), 28 U.S.C.A.

Thereafter the defendant filed its motion that the time for service of its answer be extended and that the Clerk be directed to file said answer among the papers in this action. In support of this motion the defendant invokes the provisions of Rule 6(b) (2) of the Rules of Civil Procedure. In the affidavit accompanying this motion the defendant sets out substantially the following: That it was served with a copy of the complaint on August 7th and that it promptly communicated with its attorney in the City of Hagerstown, Maryland, where said attorney resides. That on examination of the nature of the complaint the attorney for the defendant was of opinion that it was necessary to retain the services of a patent attorney in connection with the case set out in the complaint; that the defendant thereafter got in touch with and retained the services of a firm of patent lawyers in Washington D. C. That the latter, after acquainting themselves with the nature of the action, found it necessary to consult with the president of the defendant company to obtain certain information in preparing the answer, but that the president of the company was absent from his office and it became impossible to consult with him until about the 20th of August; that upon his return the information desired from him was assembled and communicated to defendant's counsel on August 26th; that the answer was then promptly prepared and mailed to Virginia counsel for the defendant on August 27th; that due to the intervention of Sunday the answer was not received by local counsel until August 30th and on the next day was mailed by him to the clerk of this court, who received it on September 1st.

The twenty-day period for the filing of the answer as required by Rule 12(a) expired on August 28th and it will be seen, therefore, that the answer was tendered four days late. It is under this situation that the defendant moves that it be allowed to file the answer. The motion is opposed by the plaintiff.

Rule 6(b) (2) provides that the court may permit the filing of an answer after the specified period where the failure was the result of an excusable neglect even though no motion for an extension of time had previously been made. The facts recited in the defendant's affidavit hardly show excusable neglect; in fact it cannot be said that they show neglect of any sort but, on the contrary, they indicate an exercise of reasonable diligence under all the circumstances. The trouble is that the circumstances were such as to make it difficult for the defendant adequately to prepare its answer within the twenty days. Faced with these circumstances and realizing the difficulty of obtaining the information and preparing the answer within the time required by the rules the defendant should have exercised the privilege given it by Rule 6(b) (1) and before the expiration of the twenty days should have applied for an extension of time which, under the circumstances shown, would readily have been granted. Instead of choosing this course, however, the defendant apparently chose to make a race against time in the hope of getting the answer prepared and filed within the twenty days. In this effort it was unsuccessful and the answer was not proffered until four days late.

The question is whether under the circumstances the court should invoke the literal language of Rule 6(b) (2) and refuse to allow the answer to be filed on the ground that there is no showing of excusable neglect. If there was any neglect, it was in not making the application for extension before the twenty-day period elapsed and this can hardly be said to be excusable in view of the complications involved in the preparation of the answer and

with which the defendant was familiar. On the other hand, it appears that the defendant indulged in no delay which was not required by the circumstances which it faced and that it made an earnest effort to get its answer prepared and filed within the twenty-day period in the hope and expectation that it could do so and that there would be no need for any extension of time. As before stated, it lost out in this race against time by a narrow margin. It is also true that the plaintiff has in no way been harmed or prejudiced by the four days delay in the filing of the answer, a copy of which was served upon the plaintiff within a few days after the original answer had been proffered in the Clerk's Office. The case cannot be tried until a coming term of this court which was about seven weeks in advance when the answer was proffered and there is no contention that the plaintiff has been hampered in any way in his preparation for the disposition of the case.

Under all the circumstances, although with considerable reluctance, I am of opinion to allow the answer to be filed and will so order. In doing this I am actuated by the feeling that inasmuch as the plaintiff is in no way prejudiced, it would be regrettable and not consistent with the interests of justice that the defendant should be shut off from litigating such rights as it may have in the pending action. And it is certainly not within the spirit of the Rules of Civil Procedure that this should be done. My reluctance grows out of the fact that the course taken may result in conveying the impression to litigants and attorneys that the provisions of the Rules of Civil Procedure are not meant for strict application and that it may encourage counsel to laxity and indifference in the filing of pleadings within the times required by the rules. It is desired to impress the fact that the course here taken is not to be considered as a precedent and that if counsel presume on this ruling to indulge in future carelessness they need not be surprised when they are faced by a rigid interpretation of the rules by the court.