**REDMOND v. O'SULLIVAN RUBBER
CO., Inc.
Civ. A. No. 91.**

United States District Court
W. D. Virginia, at Harrisonburg.
March 22, 1944.

---

1. No opinion for publication.

Walter W. Wood, Roanoke, Va., for the plaintiff.

J. Sloan Kuykendall, Winchester, Va., for the defendant.

PAUL, District Judge.

The defendant, by its counsel, has asked for a general continuance of this case, which has heretofore been set for trial on March 28, 1944, and has likewise moved for permission to file an amended answer.

In consideration of these motions I think that regard should be had to the history of the case until this time. It appears that the complaint was filed August 6, 1943. The defendant did not answer within the twenty days provided by the Federal Rules of Civil Procedure, rule 12(a), 28 U.S.C.A., and asked no extension of time within which to answer, but on September 1, 1943, proffered its answer for filing in the Clerk's Office and later submitted a motion asking that it be allowed to file said answer and that the answer be ordered filed.

On a hearing of this motion it was pointed out by counsel for the defendant that some time had been required in obtaining the necessary data upon which to base the answer and in communication between counsel and officers of the defendant company, which was the occasion of the delay in the preparation of the answer. On consideration of the motion the court permitted the answer to be filed, stating its reasons therefor in a written memorandum dated October 1, 1943, D.C., 10 F.R.D. 519, in which it was pointed out that one of the reasons for permitting the answer to be filed after time was that the plaintiff had in no way been prejudiced thereby in the preparation of his case for trial inasmuch as the regular term of court at which the case would have come on for trial did not begin until October 25, 1943, and that the parties would have abundant time to prepare to go to trial on the issues made by the complaint and answer.

At the regular term of court beginning October 25, 1943, at which the case was docketed for trial, it was continued. The request for continuance originated with counsel for the defendant but was not opposed by counsel for the plaintiff and, under the circumstances, the court permitted the case to be continued.

The next regular term of this court being fixed for March 20, 1944, counsel for both parties were notified prior to the term that the case would be set for trial on March 28, 1944, this date having been fixed to meet the convenience of counsel for the defendant, who had other engagements preventing its trial at an earlier day. Counsel for the defendant has now appeared asking for a continuance on the ground that a material witness is ill, this being supported by the statement of an attending physician that the witness is suffering from some sinus trouble with some other complication and that, in the opinion of the physician, he should be confined to his home for several weeks. The statement of the physician is dated as of March 17th.

It is the view of the court that this is not sufficient to justify a further continuance of the case. I do not understand it to be stated that the witness is absolutely unable to appear in court or will be unable to appear on March 28th, and it certainly does not appear that the witness is in such condition that his deposition cannot be

taken. The case has been on the docket for some time; it has previously been continued from one regular term until the present term and it is undesirable that a further continuance of any indefinite extent be granted.

█ The defendant has also asked leave to file an amended answer, to which counsel for the plaintiff objects. The amended answer which has been proffered sets up defenses not raised in the original answer and particularly the defense that any default of the defendant in connection with its contract with the plaintiff has been due to regulations and restrictions adopted by the United States Government governing the use of materials and products involved in carrying out the contract between the plaintiff and defendant. This defense is entirely new in that it was in no way mentioned or suggested in the original answer. No reason appears why it could not have been advanced in the original answer, for it is admitted that the regulations and restrictions of the United States Government have been effective since the date of the contract and have continued to be effective until the date of the cancellation of the contract by the defendant on March 15, 1943.

The plaintiff objects to the filing of the amended answer and particularly to that part of it containing the matter just referred to on the grounds that all of the matter set up in the amended answer was known to the defendant at the time the original answer was filed and could have been included in the original answer and that it would be impossible for the plaintiff between this date and the time fixed for the trial to investigate and acquaint itself with all of the alleged government regulations and restrictions which the defendant may seek to invoke in its defense, and the result would necessarily be that the plaintiff would have to go to trial unprepared to meet this defense or would in turn be forced to ask for a further continuance of the case to give the plaintiff time to prepare for trial. I think the position of the plaintiff in this latter respect is sound and it does not appear to me that within this limited time the plaintiff could prepare himself to combat this defense which has now been sprung upon him for the first time and which may involve consideration of various rules and regulations promulgated by the government, the identity of which is not pointed out in the proffered answer.

To continue the case further is highly undesirable. If the plaintiff has a meritorious cause of action, he is entitled to have it tried; and he has consistently pressed for a trial. On the other hand there appears no reason why the defendant could not have included in its original answer all of the matter set out in the proffered amended answer. The original answer was not hastily filed but, as heretofore stated, was filed after time and that delay was due to the fact, as then stated by the defendant, that it wished to obtain all necessary data for the answer before preparing it and that the obtaining of this data was the cause of the delay. Even if there were additional matter which it wished to submit as a defense abundant time has occurred since last September to have assembled this without waiting until about six days before the trial to tender an amended answer, which, if permitted, will necessarily result in a further continuance of the case.

For these reasons I am of opinion that both the motion for a continuance and the motion to be permitted to file an amended answer should be denied.