Jane Shuford NELSON, by her next friend, T. M. Nelson, and Mary Elizabeth Nelson Killen, Plaintiffs,

v.

The COLEMAN COMPANY, Inc., Defendant.

Civ. A. No. 8687.

United States District Court
D. South Carolina.
Orangeburg Division.

Sept. 8, 1966.

John W. Foard, Jr., Thos. E. Mc-Cutchen, of Whaley & McCutchen, Columbia, S. C., for plaintiffs.

Charlton B. Horger, of Horger & Horger, Orangeburg, S. C., for defendant.

## ORDER

SIMONS, District Judge.

Plaintiff commenced this civil action alleging diversity jurisdiction for property damage by filing a complaint in this court on May 26, 1965. The complaint was not served until March 11, 1966. Within the twenty days allowed under Rule 12(a) of the Federal Rules of Civil Procedure defendant failed to responsively plead or otherwise defend and is now in default. Defendant now moves under the provisions of Rule 55(c) to set aside the default noticed to the court by letter of plaintiffs' counsel to the Clerk of this court dated April 6, 1966, and under the provisions of Rule 6(b)(2) for enlargement of the time. A hearing on the motion was held in the Orangeburg division of this court on May 18, 1966, wherein the parties submitted supporting affidavits and from which a summary of events leading to the default is determined as follows:

From a fire that occurred on February 20, 1964 an action was commenced by T. M. Nelson individually in the Court of Common Pleas of Calhoun County, South Carolina, seeking damages for loss of personal property. Original process was served on the South Carolina Secretary of State in accordance with S.C. Code Ann. § 12–23.14 (Supp. 1963) (Service of nonresident corporation), and, in addition, personal service was effected upon defendant's district manager, Herbert F. Haag, who was present in South Carolina. Although Mr. Haag's office was in Charlotte, North Carolina, he traveled for defendant throughout the States of North Carolina, South Carolina and Tennessee, contacting its dealers, investigating customers' complaints, receiving orders and rendering advice.

In that action defendant entered a special appearance to object to the jurisdiction of the court, but the original process was sustained by order of Judge Louis Rosen, resident judge of the First Judicial Circuit of that court, in July 1963. The trial of that case in December 1964 resulted in a judgment in favor of plaintiff, which is now on appeal to the South Carolina Supreme Court.

This same fire of February 20, 1964 gave rise to this action seeking damages for destruction of dwelling and personal effects of plaintiffs, Jane Shuford Nelson and Mary Elizabeth Nelson Killen. No claim for damage to real estate was asserted in the state court action by T. M. Nelson. Mr. Haag, upon whom again service was made on March 11, 1966 in this action, deposed that he did not notice that the summons and complaint required action to be taken within a specific time; and in view of the age of the claim and having noticed that it was filed some eleven months prior to the date he was served, he assumed that time was not of the essence. On Saturday, March 19, 1966, Mr. Haag forwarded the papers to the Branch Manager of the Company in Atlanta, Georgia who received them on March 21, 1966. The Branch Manager recognized the significance of the process and immediately on the same date forwarded them to the home office of the Company. The record is completely silent thereafter as to the person or persons who received the summons and complaint or what was done with them thereafter. Leonard F. Banowetz, Assistant Secretary and General Counsel for the defendant company, who appeared and participated with defendant's local counsel at the hearing on the motion in Orangeburg stated that the papers were in his hands on March 23, 1966. He further stated that he accepted fault for the delay offering no explanation or excuse why action was not taken immediately. However, Charlton B. Horger, Esquire, local counsel for defendant did not receive the papers until April

2, 1966, after the time for serving a responsive pleading had expired. The record reflects fully that Mr. Horger was in no way at fault in this matter, and that he acted with due diligence. It was indicated to him by defendant when the suit papers were delivered to him that the date of service was March 19, 1966. He forwarded responsive pleadings to plaintiff's counsel on April 6, 1966 which were refused because the time for pleading had expired and notice of default had been filed with the Clerk of this court.

█ Rule 55(c) provides "[f]or good cause shown the court may set aside an entry of default," and Rule 6(b) (2) provides that "upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." From this it has been taken to mean that the party in default must show that he has a meritorious defense in the action and that there is reasonable explanation or excuse to call for the application of the rule. Zaro v. Strauss, 167 F.2d 218 (5th Cir. 1948). See Wright, Federal Courts § 99 pp. 383–384 (1963). Not only should these grounds be stated in making the motion, United States v. Edgewater Dying & Finishing Co., 21 F.R.D. 304 (E.D.Penn.1957), but upon a hearing of the motion, a showing must be made, Phoenix Mut. Life Ins. Co. of Hartford, Conn. v. Reich, 75 F.Supp. 886 (W.D.Penn.1948). Clearly the policy of the law favors adjudication on the merits, Savage v. Cannon, 204 S.C. 473, 30 S.E.2d 70 (1944), nevertheless the process of the court is neither to be disregarded or ignored. If this were not so, the orderly administration of justice would lack its most important policing feature.

█ Statement from the moving party that a meritorious defense exists is insufficient, and the party in default must show to the court what defense, if any, he had to the action which he is prevented from asserting. Smith v. Kincaid,

249 F.2d 243 (6th Cir. 1957). In the instant case, the late pleading dated April 6, 1966 filed by defendant moved to dismiss the complaint upon the ground that it failed to state a claim upon which relief could be granted, since there was no privity between the parties. Irrespective of this court's opinion in Hughes v. Kaiser Jeep, 40 F.R.D. 89 (D.S.C. filed May 9, 1966), distinguishable upon its facts, there is sufficient vitality in Odom v. Ford Motor Co., 230 S.C. 320, 95 S.E.2d 601 (1956), which is the leading South Carolina authority, to advance this argument. Especially with Mr. Horger's affidavit, there is a showing of a meritorious defense.

■ A distinction should also be drawn between merely stating that failure to answer was due to inadvertence or oversight, and a factual showing thereof. See Phoenix Mut. Life Ins. Co. of Hartford, Conn. v. Reich, supra. It is mostly a distinction between a self-serving conclusion on the one hand, and circumstances which will support invocation of the rule on the other.

■■ A wide judicial discretion in the application of the rule exists in South Carolina as well as in the federal courts. Compare Redmond v. O'Sullivan Rubber Co., 10 F.R.D. 519 (W.D.Va.1943) with Simon v. Flowers, 231 S.C. 545, 99 S.E.2d 391 (1957). Nevertheless, an agent served with the process of any court of this state should be made mindful of the low esteem at least held by the South Carolina Courts of a failure to file defensive pleadings. As the South Carolina Supreme Court stated in Brown v. Nix, 208 S.C. 230, 37 S.E.2d 579, 580 (1946): "When a man has a case in court, the best thing he can do is attend to it * * * [and] give it that amount of attention which [one] of ordinary prudence usually gives to his important business." This court is of a like mind.

■ The court is impressed with the fact that Mr. Banowetz, defendant's Assistant Secretary and Attorney at its home office, had the summons and complaint in his possession on March 23, 1966, nine days before the time for pleading expired on March 31, 1966. He was fully aware of the requirement of the summons that the complaint be answered within twenty days from its service. In view of the circumstances existing, the date and filing of the summons (both May 26, 1965), the fact that he received the papers by mail from one of defendant's branch offices which obviously had received them by mail from someone else, surely due care on his part required that he take action immediately by telephone with this court's Clerk's office, or his local counsel to determine the date of service. This he did not do. On the other hand, he permitted the papers to remain in the home office without any apparent action until they were routinely forwarded by mail to South Carolina counsel who received them on April 2, 1966, after the time for answering had expired.

The record before the court is absolutely silent as to any justifiable excuse or reason why defendant's home office counsel did not act with more dispatch. Neither is the court impressed with the explanation offered as to why Mr. Haag, its agent and district manager, who was served personally by the United States Marshal on March 11, 1966, did not use more diligence in delivering the suit papers to his superiors, so that they would have been received much in advance of March 21, 1966. He had once before been served with the summons and complaint in a companion suit which had already been tried resulting in an adverse decision. Furthermore, the additional fact that he was served personally by the Marshal was sufficient to put him on guard that the papers delivered to him were important and should have been handled by him accordingly.

From the record before me, I can only conclude that defendant has failed to carry its burden of establishing such mistake, inadvertence or excusable neglect as would warrant this court to relieve it

of its default. Defendant's motion will therefore be denied, and defendant shall have twenty days within which to demand a jury trial as to the issue of damages.

And it is so ordered.