Bradley ROBINSON, Plaintiff,

v.

BANTAM BOOKS, INC., Rand McNally & Company, and Pauline K. Angell, Defendants.

No. 69 Civ. 5311.

United States District Court, S. D. New York.

Feb. 6, 1970.

Liddy, Sullivan, Hart, Daniels & Baxley, New York City, for plaintiff.

D'Amato, Costello & Shea, New York City, for Bantam Books, Inc. and Rand, McNally & Co.

Rodwin & Rodwin, New York City, for Angell.

## MEMORANDUM DECISION AND ORDER

MOTLEY, District Judge:

Two of the three defendants in this copyright infringement case, Bantam Books, Inc. and Rand McNally & Co., move to have the Part I Civil Calendar judge grant them permission to make a motion in the Motions Part to vacate an entry of default and an order by another judge of this Court (MacMahon, J.) placing this case on the Permanent Calendar for the determination of damages to be awarded to the plaintiff.

A Part I judge may grant such a motion "upon a showing by affidavit that circumstances arising subsequent to the date when the case reached the Permanent Calendar require that the motion sought to be made is necessary in the interests of substantial justice." Rule 9(l), General Rules, Southern District of New York.

The order placing this case on the Permanent Calendar was entered on January 6, 1970.[1] Prior thereto, on December 23 and 24, 1969, the moving defendants were in default for failure to answer the summons and complaint served upon them on December 3 and 4, respectively, in the Southern District of New York.

■ The court interprets the requirements of Rule 9(l) as demanding that

the movant show facts which would establish that the proposed motion is not only late for good reason but has some probability of success on the merits; otherwise, "the interests of substantial justice" would not be served by granting leave to make the motion.

Here the court finds that, strictly speaking, the facts relied upon by defendants as justifying the making of this 9(l) motion all occurred prior to the time the case was placed upon the Permanent Calendar. What defendants are really saying is that the attorney who now represents them did not get the summons and complaint and learn all the facts until after January 6, 1970.

However, the court concludes that the proposed motion if allowed would have to be denied on the ground that it fails to meet the requirements for setting aside an entry of default and an order for determination of damages. Rule 55, Fed.R.Civ.P.[2]

■■ An entry of default can be set aside only if the defendants have a meritorious defense. Consolidated Masonry Fireproofing, Inc v. Wagman Const. Corp., 383 F.2d 249 (4th Cir. 1967); Atlantic Steamers Supply Co. v. International Maritime Supplies Co., 268 F.Supp. 1009 (S.D.N.Y.1967); Nelson v. Coleman Co., 41 F.R.D. 7, 9 (D.S.C.1966); C. Wright, Federal Courts, at 383–4 (1963); J. Moore, Federal Practice, ¶ 55.10 [2] (2d Ed. 1965). Despite this cardinal prerequisite, defense counsel has made only a conclusory statement that the two defendants "have a just and meritorious defense." That is mani-

---

1. Defendants request permission to make a motion to set aside an entry of default certified by the Clerk of the Court on January 5, 1970, and to set aside an order entered by Judge MacMahon on January 6, 1970. The latter order granted plaintiff the right to recover against defendants Bantam and Rand, placed the case on the Permanent Calendar to determine the amount of damages, and directed that judgment should be entered after damages were assessed. Rule 55(b) (2).

2. Upon the oral argument of this motion the parties requested the court to decide not only the 9(l) motion but the merits of the motion itself, if leave be granted. The court initially endorsed upon the moving papers leave to make the motion. However, after the request to decide the merits, the court has reconsidered the entire matter and now denies leave to make the motion.

festly not sufficient. Defendants must "state underlying facts to support [their] claim of a meritorious defense." Consolidated Masonry, *supra*, 383 F.2d at 252.

Defendant's counsel argued that defendants should be excused for their failure to meet this requirement of showing a meritorious defense because defendants have not had a sufficient amount of time to marshal their defense. But defense counsel's own affidavit contradicts this claim of unpreparedness.

■ Defendants Rand and Bantam were not caught off guard, so to speak, by plaintiff's service of his summons and complaint. Plaintiff is not a claimant who had suddenly appeared; instead, defense counsel's affidavit tells us that the subject matter of this lawsuit has been discussed with Bantam and Rand for over "three years prior to the institution of this lawsuit." Certainly, defendants must have long since marshalled their facts, if there are any, that could readily establish a basis for a meritorious defense. Therefore, the court finds no reason to except defendants from the requirement of showing a meritorious defense upon a motion to set aside a default entry.

■ Defendants also have failed to make a factual showing that they can meet the other requirement for setting aside this entry of default, i.e., excusable neglect. *See, e.g.*, Fischer v. Dover Steamship Co., 218 F.2d 682, 683 (2d Cir. 1955). The summons and complaint were served on Bantam and Rand on December 3 and 4, 1969, respectively, in the Southern District of New York. Bantam, pursuant to an alleged prior agreement with Rand, forwarded its summons and complaint to Rand's home office in Skokie, Illinois. The summons and complaint served upon Rand were likewise forwarded to Rand's home office. From there, the summons and complaints were forwarded to 5 additional offices. Rand sent all the papers to its insurance brokers, Alexander & Alex-

ander, in Chicago, Illinois. Alexander & Alexander, in turn, sent the papers to the Chicago office of the insurer, Insurance Company of North America, for further handling. The Chicago office of the insurer then sent the papers, allegedly through clerical error, to the White Plains, New York office of the insurer. That office then sent the papers back to New York City to the New York City branch of the insurer. The same insurer represents both defendants. That office finally sent the papers to present counsel on January 16, 1970. These facts show continuing neglect, but no acceptable excuse in law.

Specifically, defendants do not show who in each office handled the summons and complaint and what each person's position was (e.g., attorney, secretary, manager, etc.). Moreover, defendants have not presented any affidavits from any previous attorneys who handled this case, if there were any, to excuse their negligence in failing to make sure that a timely answer was made. *See* Standard Newspapers, Inc. v. King, 375 F.2d 115 (2d Cir. 1967). Furthermore, defendants do not contend that counsel in these various offices were unaware of the 20 day deadline or were in any other way unfamiliar with the Federal Rules of Civil Procedure.

■ It seems that defendants want to be excused for not filing their answer within 20 days of service, Fed.R.Civ.P. 12(a), on the ground that the New York City branch of Bantam's insurer simply did not receive the summons and complaint until after the deadline. Counsel is asking this court, in effect, to establish the proposition that the inter-office confusion resulting from multi-office corporate enterprises, plus the added confusion resulting from inter-corporate agreements, should automatically excuse failure to meet the time requirements of the Federal Rules of Civil Procedure. The court holds that there is little or no merit to defendants' attempt to make the rules read: defendants shall have 20

days from the time the summons and complaint filters back to the lawyer in charge of litigation for the district in which the case is filed. *See, e.g.,* Nelson v. Coleman Co., 41 F.R.D. 7 (D.S.C.1966) (delay of home office in returning complaint to the proper district was not excusable neglect). The fact that, before the 20 day deadline expired, no person in any of the offices through which this summons and complaint passed was willing to take responsibility for the timely filing of the answer is not to be condoned.

The conclusory allegation in the affidavit of defense counsel for the third defendant, Pauline K. Angell, who is the author of the allegedly infringing work, that her defense will be substantially prejudiced if her counsel is forced to defend alone against plaintiff's claim is to be given no weight. There are simply no facts in that affidavit which would establish a basis for such a conclusion.

Leave to file the motion is denied.

So ordered.