**V. C. RASMUSSEN and Edna L. Rasmussen, Plaintiffs,**

**v.**

**W. E. HUTTON & CO. and Roland G. Strid, Defendants.**

**Civ. A. No. C 74–1464 A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Jan. 29, 1975.

232

Marvin P. Nodvin and Ira S. Zuckerman, Atlanta, Ga., for plaintiffs.

C. B. Rogers and Jeffrey M. Smith, Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for Hutton.

Oscar N. Persons and J. Michael Kelly, Alston, Miller & Gaines, Atlanta, Ga., for Strid.

## ORDER

HILL, District Judge.

Presently before the Court in this case are plaintiffs' motion to enter default judgment, defendant Roland G. Strid's motion to quash return of service or application for relief under Fed.R.Civ.P. 55(c), and defendant W. E. Hutton & Company's (hereinafter Hutton) application for relief under Fed.R.Civ.P. 55(c). Because of the present untidiness of the case, the chronology of events needs to be set forth.

Plaintiffs filed this action on July 23, 1974, alleging violations of the Commodities Exchange Act, the Securities Act of 1933, and the Securities Exchange Act of 1934. Plaintiffs also alleged a violation of the Georgia commercial gambling law, Ga.Code Ann.Sec. 26–2703, which allegedly made void all plaintiffs' transactions with defendants and entitled them to recovery in the amount of $10,000.00. Defendant Strid was alleged to have been at all pertinent times a registered representative of Hutton's. On August 28, 1974, the plaintiffs requested the Clerk to place the defendants in default, the defendants not having answered or otherwise responded. On September 9, 1974, plaintiffs moved the Court to enter default judgment. On September 25, 1974, defendant Strid filed his motion to quash return of service or for relief under Fed.R.Civ.P. 55(c). Defendant Hutton filed its motion for relief under Fed.R.Civ.P. 55(c) on October 1, 1974.

■■■ Under Fed.R.Civ.P. 55(c) this Court may, upon a showing of good cause, set aside an entry of default. Determination of whether good cause exists depends upon the Court's applying its discretion with proper regard to the peculiar circumstances surrounding the case before it. *McGrady v. D'Andrea Electric, Inc.*, 434 F.2d 1000, 1001 (5th Cir. 1970); *Eisler v. Stritzler*, 45 F.R. D. 27, 28 (D.P.R.1968). Judgments by default are not generally favored; hence, as a general proposition, any doubts should be resolved in favor of permitting a hearing on the merits. *Davis v. Parkhill-Goodloe Company*, 302 F.2d 489, 495 (5th Cir. 1962). Furthermore, a distinction exists between removal of a party from default and setting aside a default judgment. A motion to vacate a default judgment is subject to the strictures of Fed.R.Civ.P. 60(b), whereas Fed.R.Civ.P. 55(c) permits setting aside an entry of default upon a showing of good cause. *See Finch v. Big Chief Drilling Company*, 56 F.R.D. 456, 458 (E.D.Tex.1972); *Teal v. King Farms Company*, 18 F.R.D. 447 (E.D.Pa.1955).

■■ Because discretion is involved in determining whether good cause exists, the Court cannot rely upon a mechanical rule of general application. The courts have considered several factors as being important in determining whether good cause exists. Often mentioned as a requirement is that the party in default must have a meritorious defense. *See McGrady v. D'Andrea Electric, Inc.*, 434 F.2d 1000, 1001 (5th Cir. 1970); *Consolidated Masonry & Fire-Proofing, Inc. v. Wagman Construction*, 383 F.2d 249, 251 (4th Cir. 1967); *Nelson v. Coleman Company*, 41 F.R.D. 7, 9 (D.S.C.1966). Another factor that should be considered is the promptness with which the defaulting party acts. *See Seanor v. Bair Transport Company of Delaware, Inc.*, 54 F.R.D. 35, 36 (E.D.Pa.1971). Also important is the reason for the default. If a party is in default as a result of excusable neglect, that is one thing. A party in default as a result of willfulness is quite another. *See Robinson v. Bantam Books, Inc.*, 49 F.R.D. 139, 141 (S.D.N.Y.1970). Finally, the possible prejudice to the non-defaulting party should be considered. *See Finch v. Big Chief Drilling Company*, 56 F.R.D. 456, 458 (E.D.Tex.1972).

In the present case both defendants argue that they have meritorious defenses. Defendant Strid asserts that, as to

Count I of the complaint, material issues of fact are in dispute and that Counts II–V fail to state a claim. Defendant Hutton also asserts both these defenses. Further, defendant Hutton expressly denies that it made an excessive number of purchases and sales on plaintiffs' behalf or that it acted in willful disregard of plaintiffs' interest. Defendant Hutton says the case was brought to avoid payment of money due Hutton from plaintiffs, money defendant Hutton now seeks to recover by counterclaim if the default is set aside.

■ Plaintiffs argue that defendants must do more than allege a meritorious defense. *See Gomes v. Williams*, 420 F. 2d 1364, 1366 (10th Cir. 1970); *Robinson v. Bantam Books, Inc.*, 49 F.R.D. 139, 140–141 (S.D.N.Y.1970). Although defendant Strid has done nothing more than allege a meritorious defense and defendant Hutton has alleged a meritorious defense plus a brief factual underpinning for its defense, the Court does not think the defendants' allegations are so insubstantial as to preclude, by themselves, the setting aside of the default. Also, it is noteworthy that some courts do not require elaboration on the facts underlying a meritorious defense; allegation of the defense will suffice. *See Thorpe v. Thorpe*, 124 U.S.App.D.C. 299, 364 F.2d 692, 694 (1966).

Consideration of whether defendants acted promptly and their reasons for being in default is tied to the method of service employed by plaintiffs. In filing their complaint on July 23, 1974, plaintiffs instructed the United States Marshalls to serve the Georgia Secretary of State as agent for the defendants.[1] Secretary of State was served and on August 1, 1974, he mailed copies of the complaint and summons to the defendants. Both letters were sent to 14 Wall Street, New York, New York. Difficulty arose for defendant Strid because he had ceased being an employee of W. E. Hutton's on or about July 15, 1974, and he had notified the Secretary of State of his new address on July 9, 1974. Defendant Strid says that the summons and complaint were misdirected several times, apparently as a result of a liquidation which began in Hutton about July 15, 1974. The complaint and summons were not received by Strid until September 6, 1974. Defendant Strid filed his present motion on September 25, 1974.

Plaintiffs bring to the Court's attention that defendant Strid was mailed, on July 24, 1974, a demand for jury trial, the letter being sent to defendant Strid's local (Atlanta) business address. Plaintiffs further assert that defendant Strid communicated by telephone with plaintiffs' attorneys several times prior to and subsequent to the filing of this action. Thus, plaintiffs argue defendant Strid had actual notice in July, 1974.

■ Because defendant Strid had informed the Secretary of an address change prior to the Secretary's being served and because the Secretary then used the old address, it is understandable that the summons and complaint would be delayed in reaching defendant Strid. What most disturbs the Court is that after receiving the complaint and summons, Strid waited nineteen days to respond. Whether that is chargeable to Strid or his attorneys is not clear. Under the circumstances, defendant Strid would have been well advised to respond quickly. Nonetheless, all things considered and actual notice notwithstanding, the Court is not convinced that defend-

---

1. Defendant Strid asserts that the Secretary of State was served as his agent pursuant to requirements of the Georgia Securities Act, Ga.Code Ch. 97–1. The service was invalid, argues defendant Strid, because his consent for the Secretary of State to serve as his agent is effective only for actions arising from violations of the Georgia Securities Act. Ga.Code Sec. 97–117. Although not designated as such in the complaint, plaintiffs argue that they have stated a claim under the Georgia Securities Act. The legal issues raised by these contentions will not be considered at present. Initially, the Court is assuming *arguendo* that defendant Strid was properly served.

ant Strid acted with such indifference as to justify default judgment.

Defendant Hutton says it does not know exactly why the complaint and summons were not received by the proper officers of Hutton until well into September, 1974. The explanation offered is that the Wall Street Office was vacated on July 26, 1974, as part of Hutton's liquidation which had begun on or about July 15, 1974. It was during the liquidation that the complaint was filed. (July 23) and the summons and complaint were mailed (August 1). It was as a result of the internal confusion arising from the liquidation and from the vacation of the Wall Street Office that a timely response (answer or motion) was not filed.

■ When a business changes its address, it is not relieved of the responsibility of keeping track of its mail. Internal confusion springing from re-organization does not free a business of its duty to answer complaints. In short, the Court does not find impressive defendant Hutton's reasons for being in default. But, when setting aside a default as opposed to vacating a default judgment, it is not always necessary that the neglect or oversight be excusable. *See Bavouset v. Shaw's of San Francisco*, 43 F.R.D. 296, 298 (S.D.Tex. 1967).

Finally, the Court must consider whether there will be undue prejudice to plaintiffs if the defendants are taken out of default. Plaintiffs point to no specific way in which they would be prejudiced except to say that vindication of their rights would be delayed. If it were clear that no meritorious defenses existed then delay would amount to undue prejudice. But it is not clear, that defendants have no meritorious defenses; consequently, the Court does not think plaintiffs will be unduly prejudiced if defendants are taken out of default.

■ Earlier this Court noted that a motion to set aside a default is addressed to the Court's discretion. Exercising that discretion, the Court concludes that the default should be set aside. Defendants have alleged meritorious defenses and plaintiffs will not be unduly prejudiced by a hearing on the merits. While neither defendant has presented well justified reasons for their actions, the defendants do not appear to have been in willful disregard of the processes of the Court. Viewing the totality of circumstances, the default should be lifted.

Defendant Strid moved to quash return of service as an alternative to its motion for relief under Fed.R.Civ.P. 55(c). Because personal service on defendant Strid appeared easily obtainable, this Court suggested in its order of December 9, 1974, that defendant Strid be served without invoking the Georgia Secretary of State as agent. Defendant Strid has now been so served. Since the Court has decided that, assuming valid service originally, the default should be set aside and since defendant Strid has now been served at his residence, there is no need to rule on the motion to quash return of the original service.

■ Plaintiffs have moved the Court to require defendants to post a security bond as a condition on lifting the default. Plaintiffs argue that the bond should be equal to the liquidated amounts of this action plus costs and additional attorneys' fees to compensate for the stall tactics employed. The Court is convinced that it has the inherent discretionary power to require posting of a security bond. *See* 10 Wright and Miller, *Federal Practice and Procedure*, Sec. 2700 at 350–352 (1973). However, the Court is not convinced that a bond should be required in this case.

In sum, the entry of default against defendants is set aside. The proposed answers filed by defendants are accepted and allowed to be filed. The motion to require posting of a security bond is denied.