NEW FIELD INTERNATIONAL SALES, INC., a New York corporation, and H. Neufeld, Plaintiffs,

v.

Mike SALEM and Salem Paper Bag Manufacturing, Inc., Defendants.

No. 86 C 2050.

United States District Court, N.D. Illinois, E.D.

Nov. 20, 1986.

Robert B. Simon, E. Jacob McClosky, Frederic N. Scovell, Simon, McClosky & Scovell, Ltd., Chicago, Ill., for plaintiffs.

## ORDER

LEINENWEBER, District Judge.

Before the court is defendants', Mike Salem ("Salem") and Salem Paper Bag Manufacturing, Inc. ("Salem Mfg."), motion to vacate an order of default. For the reasons stated herein, defendants' motion is granted.

## BACKGROUND

Plaintiffs, New Field International Sales, Inc. ("New Field") and H. Neufeld, filed his suit against Salem and Salem Mfg. alleging breach of a sales contract. On April 2, 1986, defendants were served with notice of the suit through an agent. Salem retained an attorney to represent himself and Salem Mfg. The attorney was discharged by Salem in May of 1986 after Salem learned that the attorney had not filed an answer to the complaint.[1] New Field's mo-

---

1. The exact date on which the attorney was    discharged by Salem is not known to this court.

tion for an entry of default against the defendants was granted on May 29, 1986. The prove-up was continued generally. Salem filed a pro se motion to "retain counsel" on June 4, 1986.[2] Approximately six weeks later Salem hired a new attorney who promptly filed a motion to vacate the default judgment under Fed.R.Civ.P. 60(b) or 55(c).

## DISCUSSION

The purpose of a Fed.R.Civ.P. 60(b) motion is to grant relief to the movant from a final judgment or order. A default order, such as the one entered in this case, is an interim ruling which merely establishes the defendant's liability. It is not a final appealable order as damages must still be fixed. *Dimmitt & Owens Financial, Inc. v. United States*, 787 F.2d 1186, 1189–1190 (7th Cir.1986). Therefore, since Rule 60(b) applies only to final appealable orders, it is inapplicable to the instant situation.

Where the defaulted party seeks judicial review of an entry of default, Rule 55(c) of the Fed.R.Civ.P. is applicable. A default may be set aside under Rule 55(c) in the discretion of the court for "good cause shown." There is no mechanical rule to determine whether an order of default should be vacated. However, there are several factors that courts generally consider in determining whether good cause exists. Most courts require that the defaulting party have a meritorious defense. Another factor that is often considered is the promptness with which the defaulting party acts. Also important is the reason for the default, i.e., courts are more reluctant to vacate a default where the defaulting party has acted wilfully. Finally, courts take into consideration the prejudice that will result to the non-defaulting party in the event that the defaulting party's motion is granted. See, *Rasmussen v. W.E. Hutton & Co.*, 68 F.R.D. 231 (1975), and cases cited therein.

**2.** Presumably, Salem merely sought an extension of time and did not want court-appointed counsel.

After reviewing Salem's affidavit, the court concludes that there is good cause to vacate the order of default. Salem does argue that he has a meritorious defense. He asserts that the goods he received were defective. Salem did not wilfully fail to answer New Field's complaint. He hired an attorney whom he had every reason to believe would actively represent his interests. After learning of the attorney's neglect he promptly discharged the attorney and notified the court of his intent to retain a new attorney. Salem has retained a new attorney and there is no reason to believe that the neglect occurring at the outset of this litigation will be repeated. Finally, considering the fact that this case has been pending on the court's docket for only a short period of time, the court must conclude that any prejudice that might result to New Field by vacating the default order would be slight. Hence, defendants' motion should be granted.

Accordingly, the order of default is hereby vacated. Salem and Salem Mfg. are ordered to file answers to New Field's complaint. The matter shall proceed to trial on the merits.

IT IS SO ORDERED.