826 F.2d 1060
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Helen S. SENN, as Administratrix of the Estate of Gene Barry
Senn, Plaintiff-Appellee,
v.
HARRISON TRANSPORTATION COMPANY, INC., Defendant-Appellant.
 No. 86-2654
 United States Court of Appeals, Fourth Circuit.
 Argued July 8, 1987.
Decided Aug. 14, 1987.
 
 Joel Wyman Collins, Jr.; Mark S. Barrow (Collins & Lacy, on brief), for appellant.
 Charles H. Williams, II (Gedney M. Howe, on brief), for appellee.
 Before CHAPMAN and WILKINS, Circuit Judges, and HAMILTON, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Harrison Transportation Company (Harrison) appeals from a default judgment entered in favor of the Administratrix of the Estate of Gene B. Senn (Administratrix). We affirm.
 
 I.
 
 2
 Gene B. Senn was fatally injured on November 14, 1985 when his vehicle collided with a tractor-trailer rig leased to Harrison and driven by an employee of the owner/lessor. The Administratrix filed a wrongful death and survival action against Harrison on June 27, 1986. The summons and complaint was served by certified mail on July 7, 1986 and received by Harrison on July 9, 1986.
 
 
 3
 On August 5, 1986, the Administratrix filed an affidavit of default and motion for entry of default. The Clerk of Court entered default against Harrison on August 6, 1986. On August 15, 1986, the Clerk notified Harrison that a damages hearing was scheduled for August 27, 1986. Again, Harrison failed to respond or appear. At the hearing, the district court received evidence on damages and took the matter under advisement.
 
 
 4
 Prior to the entry of judgment, counsel retained by Harrison's insurance company under a reservation of rights discovered that suit had been filed and default entered. He promptly filed a motion on September 9, 1986 to set aside the default.
 
 
 5
 Attempts by retained counsel to contact Harrison were initially unsuccessful. The President of Harrison was finally located the day before the motion hearing, but he failed to appear at the hearing. The district court denied the motion and entered judgment for the Administratrix on November 4, 1986, finding that Harrison had presented no evidence of good cause for its failure to plead or otherwise defend.
 
 II.
 
 6
 A district court may set aside an entry of default for 'good cause shown.' Fed. R. Civ. P. 55(c). The disposition of a Rule 55(c) motion is addressed to the sound discretion of the district judge and his determination 'is not lightly to be disturbed' on appeal. Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corp., 383 F.2d 249, 251 (4th Cir. 1967). We find no abuse of discretion.
 
 
 7
 Generally, good cause is shown where the defaulting party acts with reasonable promptness in seeking to set aside the default and presents a reasonable explanation or excuse for the default and a meritorious defense. Id.; Nelson v. Coleman Company, 41 F.R.D. 7, 9 (D.S.C. 1966). This court has held that the personal responsibility of the party is a consideration to be taken into account in deciding whether or not to set aside a default, for 'justice demands that a blameless party not be disadvantaged by the errors or neglect of his attorney. . . .' See Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987) (quoting United States v. Moradi, 673 F.2d 725, 728 (4th Cir. 1982)). Here, the party is not blameless; rather, Harrison was responsible for the default.
 
 
 8
 Harrison claimed that it forwarded the summons and complaint to its insurance agency on July 31, 1986, at which time it was already in default. It also claimed that the notice of the damages hearing was forwarded on August 18, 1986. The insurance agency denied receiving any of the documents.
 
 
 9
 No explanation was offered to the district court for the delay in forwarding the summons and complaint or the failure to appear at the hearings. Nor was any explanation given for the disappearance of the documents. Harrison was not entitled to relief from default because it was responsible for the default and failed to offer any reasonable explanation for its inaction.
 
 
 10
 AFFIRMED.