**Robert OCHOA, Plaintiff,**

v.

**PRINCIPAL MUTUAL INSURANCE COMPANY, Defendant.**

No. Civ. 1:91–CV–2064 JEC.

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 25, 1992.

Milton D. Rowan, Atlanta Legal Aid Soc., Atlanta, Ga., for plaintiff.

Ben Kingree, III & Elizabeth Johnson Bondurant Carter & Ansley, Atlanta Tower, Jill A. Barker, Friedman & Montalto, Atlanta, Ga., for defendant.

## ORDER

CARNES, District Judge.

This case is presently before the Court on defendant's motion for summary judgment [# 10–2], plaintiff's motion for partial summary judgment [# 15–1], plaintiff's motion for leave to file reply to counterclaim [# 12–1], defendant's motion for default judgment [# 10–1], and defendant's motion for oral argument [# 25–1]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, DENIES plaintiff's motion for par-

tial summary judgment, DENIES defendant's motion for default, DENIES defendant's motion for oral argument, DENIES defendant's motion for summary judgment, and GRANTS plaintiff's leave to file answer to counterclaim.

## 1. FACTS

On May 29, 1990, plaintiff applied for life, accident, and sickness insurance under Principal Mutual's IDP Comprehensive Health Insurance Plan. In the application, plaintiff disclosed that he had visited a Dr. Braude for a physical in 1987 and that Dr. Braude had not diagnosed or treated him at that time.

The insurance company accepted plaintiff's application, and the policy became effective on July 1, 1990. After plaintiff submitted a claim under the insurance and was diagnosed with an acquired immunodeficiency syndrome (AIDS) related illness, the company discovered that Dr. Braude had written in his notes on the plaintiff's physical that plaintiff had the condition "perianal condylomata and fissure." On April 19, 1991, defendant wrote to plaintiff, rescinding his insurance policy and presenting a check for the refund of his paid premiums because he had not disclosed the diagnosis in his application for the policy. Plaintiff did not accept the check.

Plaintiff contends that Dr. Braude did not tell him that he had diagnosed the perianal condylomata. Additionally, relying on the deposition testimony of Dr. Braude, plaintiff contends that the original diagnosis of perianal condylomata was incorrect. Defendant, on the other hand, alleges that if plaintiff had disclosed the initial diagnosis, defendant would not have approved his insurance application.[1]

## 2. PROCEDURAL HISTORY

Plaintiff filed his complaint in the Superior Court of Fulton County, after which the defendant removed the case to this court

---

1. On a motion for summary judgment, this court must view all evidence and factual inferences in a light most favorable to the non-moving party. *Samples v. City of Atlanta,* 846 F.2d 1328, 1331 (11th Cir.1988). In this case, both parties have moved for summary judgment. The court, therefore, has presented the undisputed facts, as well as the parties' contentions.

on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1332. Defendant also filed a counterclaim against the plaintiff for a declaratory judgment that the policies were legally rescinded, which the plaintiff did not answer. Subsequently, defendant moved for default against the plaintiff on the counterclaim.

Defendant filed the motion for default, or, in the alternative, for summary judgment, on January 16, 1992. In response to the default motion, plaintiff filed a motion for leave to reply to defendant's counterclaim. Plaintiff also moved for partial summary judgment, although he filed the motion outside the time limits set forth in Local Rule 220–5(c).

### 3. DEFENDANT'S MOTION FOR DEFAULT AND PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY

Since plaintiff did not respond to defendant's counterclaim for rescission of the contract, defendant has moved for default against the plaintiff pursuant to Fed. R.Civ.P. 55(b)(2). Plaintiff, in reply, filed a motion for leave to answer to defendant's counterclaim.

■ Judgments by default are not generally favored. *Rasmussen v. W.E. Hutton & Co.,* 68 F.R.D. 231, 233 (N.D.Ga. 1975). Upon plaintiff's showing of good cause, this court should not enter a default judgment. FED.R.CIV.P. 55(c). Courts have considered several factors in determining whether the defaulting party has shown good cause, including whether the party has a meritorious defense, how promptly the party acted to cure the default, whether the default was willful, and whether the non-defaulting party would be prejudiced. *Rasmussen,* 68 F.R.D. at 231.

■ Although plaintiff did not answer the counterclaim, plaintiff did not willfully ignore the rules of this court, and within two weeks of defendant's motion for default, he filed a motion for leave to file a response to the counterclaim. Plaintiff also may have a meritorious defense to the counterclaim that this court should allow him to assert. Most importantly, defendant has demonstrated no undue prejudice

to the defendant resulting from plaintiff's failure to answer. Defendant's counterclaim to rescind the insurance contract embodies essentially defendant's defense to plaintiff's claim for enforcement of the agreement, in terms of the legal and factual issues. A default judgment will decide the entire case.

Since plaintiff did not willfully violate this court's rules and since allowing him to answer the counterclaim will not unduly prejudice the defendant, the court will grant plaintiff's motion for leave to file a response to defendant's counterclaim and will deny defendant's motion for default.

### 4. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

#### a. *The Standard for Summary Judgment*

■ Rule 56(c) provides that the court shall grant summary judgment if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). A fact is material when it is identified by the controlling substantive law as an essential element of the non-moving party's case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.* at 249–50, 106 S.Ct. at 2510–11.

#### b. *Discussion*

■ In its motion for summary judgment, defendant claims that it rightfully rescinded plaintiff's insurance pursuant to O.C.G.A. § 33–24–7 (1990). In order to prevail, defendant must show first that the application contained misrepresentations, omissions, concealment of facts, or incorrect statements. Second, the defendant must prove: (1) that such omissions were fraudulent, (2) that the omissions were material either to the acceptance of the risk or

to the hazard assumed by the insured, or (3) that the insurer in good faith would not have issued the policy, or would not have issued a policy in as large an amount or at the premium rate applied for, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been known. O.C.G.A. § 33–24–7 (1990).

■ This court finds that a genuine issue of fact exists as to each of the prongs of O.C.G.A. § 33–24–7. This court, therefore, denies the defendant's motion for summary judgment.

## 5. PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

■ Local Rule 220–5(c) of the United States District Court for the Northern District of Georgia provides that motions for summary judgment shall be made not later than 20 days after the close of discovery. The discovery period in this case expired on December 27, 1991. *See,* Local Rule 225–1. Plaintiff filed his motion for partial summary judgment on February 10, 1992, more than twenty days after the close of discovery. This court, therefore, will deny the plaintiff's motion for summary judgment as untimely. Moreover, even had plaintiff's motion been filed in a timely fashion, this court likely would have denied it based on the same disputed questions of fact that precluded summary judgment for the defendant.

## 6. DEFENDANT'S MOTION FOR ORAL ARGUMENT

This court, in its discretion, denies the defendant's motion for oral argument on its motion for summary judgment.

## CONCLUSION

For the foregoing reasons, this court DENIES defendant's motion for summary judgment [# 10–2], GRANTS plaintiff's motion for leave to file a reply to defendant's counterclaim [# 12–1], DENIES defendant's motion for default judgment [# 10–1], DENIES plaintiff's motion for partial summary judgment [# 15–1], and DENIES defendant's motion for oral argument [# 25–1]. The parties should submit their pretrial order within thirty (30) days of this order.

SO ORDERED.